STARK et al., Appellants, v. ANDERSON et al.,
Respondents.

St. Louis Court of Appeals, January 19, 1904.

1. **HOMESTEAD: Incumbrance by Husband: Dower: Filing Claim
   by Wife.** Prior to the law of 1895, the husband could sell or
   encumber the homestead, subject to the wife's inchoate right of
   dower, except where the wife had filed her claim as provided
   by section 5435, Revised Statutes of 1899.

2. ———: ———: ———. Where, however, the wife is not a
   party to the contract by which the husband encumbers the
   property, her rights, whether originating from the marriage or
   otherwise, are not affected.

Stark v. Anderson.

3. ———: ———: ———. Fruit trees do not constitute such an improvement upon land, an equitable lien for which, created by contract with the husband, is paramount to the rights of the wife.

4. **CONTRACT: Interest.** A contract for the purchase of fruit trees, providing that they were to be paid for by "one-half the gross amount of sales from the crop each year, etc., to be credited hereon from year to year until the full amount, together with six per cent compound interest shall be paid, and the final payment shall be made within ten years, regardless of the amount paid from year to year, if the amount shall not be paid prior thereto," is a contract to pay the principal with interest compounded annually from date of the contract.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. H. Harrison* and *Pearson & Pearson* for appellants.

(1)  Under the "Homestead Law" of this State, prior to the enactment and amendment of 1895, the husband as the owner of the land, and the head of a family, could either sell or incumber such land, without the wife joining in the execution of such instrument; and the same could be subjected to foreclosure proceedings, to satisfy debt which the lien was created to secure. Gladney v. Sydnor (Supreme Court of Mo. Div. No. 2), 72 S. W. 554; Tucker v. Wells, 111 Mo. 399; Greer v. Major, 114 Mo. 145; Kopp v. Blessing et al., 121 Mo. 391; Markwell v. Markwell, 157 Mo. 326; Chadwick v. Clapp, 69 Ill. 119.  (2)  The instrument, or contract sued on, and made the basis of this foreclosure proceeding, is in effect an equitable mortgage, and, amply sufficient to charge the land described therein, with a lien, as against both the defendants, H. R. and Rebecca Anderson, notwithstanding the fact, that at the time of the execution thereof, it may have been homestead of the

said H. R. Anderson. Martin v. Martin, 92 Mo. 26, l. c. 34; McQuie v. Peay, 58 Mo. 56; 1 Am. Leading Cases in Eq., 510; Howes' case, Paige 125; Raconillat v. Sansevain, 32 Cal. 376; First National Bank of Joliet v. Adams et. al., 34 Ill. App. 159. (3) The debt, which the lien of the contract or mortgage was created to secure, was for the purpose of placing improvements upon the land described in the mortgage. For that reason, the defendant, Rebecca Anderson, the wife of H. R. Anderson, can not avail herself of a defense that she did not sign said contract or mortgage and therefore defeat the enforcement of such lien, in foreclosure proceedings, brought to satisfy the debt for which the lien was created or secure the payment of, on the claim that the same was a homestead; she, as the wife of the defendant, H. R. Anderson, having never filed any claim to a homestead in the land described in the contract or mortgage as provided by section 5435, R. S. 1889. See authorities cited, under division No. 1; Thompson on Homestead and Exemptions, page 375, Wapples on Homestead and Exemptions, page 361; Greenwood v. Maddock, 27 Ark. 660; U. S. Inv. Co. v. Phelps & Biglow Windmill Co., 54 Kan. 144; Bush v. Scott et al., 76 Ill. 524.

## STATEMENT.

This action involves the construction of legal effect of the following agreement executed by plaintiffs and defendant Anderson, namely:

"This indenture made and entered into the 21st day of October, A. D. 1891, by and between H. R. Anderson, Jakes Prairie, P. O. . . . . . ., Miles . . . . Direction . . . . . ., of the county of Crawford, and State of Missouri, party of the first part, and C. M. Stark, E. W. Stark, and W. P. Stark, doing an orchard business under the firm name of Stark Bros. at Louisiana, in county of Pike, State of Missouri, parties of the second part.

"Witnesseth, that the said party of the first part in consideration of the second parties furnishing to him six hundred fruit trees, said trees to be furnished in the fall, 1891, as per order given by said first party, binds himself to plant in the usual and customary manner, to take good care of same and give good attention to them, said trees to be planted and set out on his farm situated in Crawford county, State of Missouri, and more particularly described as follows; to-wit, lot 6, northeast quarter and lot 5, northwest quarter of section five (5), township thirty-nine (39), range five (5) west, containing 182 and 41-100 acres, for which said first party binds himself and his heirs to pay the said second parties the sum of one hundred and eight dollars ($108) due and payable as follows:

"One-half of the gross amount of the sales from the crop each year said first party agrees to remit, which is to be credited hereon from year to year until the full amount, together with six per cent compound interest shall be paid, and the final payment shall be made within ten (10) years from date regardless of the amount paid from year to year, if the amount shall not be paid prior thereto.

"And it is also understood and agreed by said first party, by his heirs and assigns, that this shall be a lien upon the above described premises or real estate until the full amount together with interest shall be paid, and should said first party fail to pay the amount together with the interest, said real estate shall be subjected to the payment of the above named amount and the said first party for the purpose of obtaining this loan states that the above property is free and clear of incumbrances and that he claims the same with a perfect title.

"In witness whereof we have hereunto set our hands and seals this day and year last aforesaid.

"H. R. ANDERSON,      (Seal)

"STARK BROS.         (Seal)

"Witnessed by M. A. ARTHUR."

After acknowledgment by defendant Anderson, the instrument was filed for record and recorded in the recorder's office of Crawford county, October 30, 1891. The petition averred sale and delivery to defendant H. R. Anderson of 600 fruit trees at his instance and request, his agreement to set out the trees on the land described, and the terms of payment provided by the contract which was filed as part of the petition; that the trees were delivered according to contract and by Anderson planted upon above land; a default in payment under the contract is averred and the amount of $108 with interest at the rate of 6 per cent compounded annually is claimed as due and unpaid, for which demand and non-payment are averred. Proceeding, the petition described two conveyances subsequent to the execution of the contract whereby the title to the realty was conveyed to his co-defendant, his wife, by H. R. Anderson, and which conveyances are alleged to have been made subject to the lien of plaintiffs for the amount due under the contract. The petition concludes with a prayer for judgment for the amount as above computed, that such judgment be made a lien upon the land described; that all equities of redemption be foreclosed, said lien enforced and the realty, or as much as might be necessary to satisfy the judgment and costs, be sold, and a special execution therefor issue.

The joint answer of defendants was a summary general denial.

The facts established at the trial were that two shipments of trees were consigned by plaintiff to defendant, H. R. Anderson, after the execution of the contract, the first lot being rejected, and upon his objection to the first, the second lot was forwarded, accepted and planted on the realty mentioned, but no payment of the purchase price had ever been made. The defendant, H. R. Anderson, deposed, additional to corroborating above facts, that he lived on the tract of land at the time as his homestead; the court rendered a general judg-

ment against him for the principal of the agreed price, with simple interest accrued from the maturity of the contract, aggregating February, 1903, per judgment then entered, $116.64, but adjudged that the contract bore no interest until maturity and was not sufficient to impose a lien on the land as against defendant, Rebecca Anderson, by reason of its being the homestead of her husband at the time of its execution, and rendered judgment in her favor.

REYBURN, J. (after stating the facts as above). —1. The instrument evidencing the terms of sale of the trees, under the doctrine recognized long since in this State, constituted an equitable lien or mortgage upon the realty affected against H. R. Anderson. Martin v. Nixon, 92 Mo. loc. cit. 34. Whatever may have been the authority, if any, existing at time of the judgment herein, upon which the trial judge relied in the conclusion reached by him, a decision of the Supreme Court since announced has placed a construction upon the statutory provisions then controlling homesteads, antagonistic to the judgment appealed from. In the language of Judge Fox, rendering the opinion: "Under the well-settled law of this State, prior to the enactment of the statute of 1895, it is beyond dispute that the husband could sell or encumber the homestead, subject to the wife's inchoate right of dower, except where the wife had filed her claim as provided by section 5435, R. S. 1899." Gladney v. Sydnor, 72 S. W. 554. In the light of this decision, the husband's right at the time of the transaction to impose a lien upon the realty, even if it were homestead property, without the wife uniting with him, in absence of the statutory claim perfected by her, is conclusively settled. The wife, however, was neither made a party to the contract, nor did she join in its execution, and her rights to the realty concerned, whether marital or otherwise originating, existed at the time of the contract, were not thereby im-

paired or disturbed. No authority in this State, statutory or otherwise, has been invoked to sustain appellant's contention, that the trees were such improvements upon the land as to constitute a lien thereon paramount to such rights of Rebecca Anderson.

2. The language of the contract providing for payment of the contract price, while not free from obscurity, upon careful analysis, is to be interpreted as contracting for payment of the principal with interest at rate of six per cent per annum, compounded annually, from October 21, 1891, the date of the instrument.

The judgment is accordingly reversed and the cause remanded, with directions to enter a decree embracing a finding for $108 and interest thereon computed at rate of 6 per cent per annum from October 21, 1891, compounded annually; that this amount with costs of this action, be a general judgment against defendant H. R. Anderson, and further be decreed a lien on the realty described in the petition; that all equities of redemption be foreclosed and said realty, or so much thereof as may be necessary to satisfy said finding and judgment and all costs of this suit, be sold and that a special execution or *fieri facias* be issued accordingly. *Bland, P. J.,* and *Goode, J.,* concur.