N. T. Greenwood *et al. v.* Thomas A. Butler *et al.*

Redemption Act — *Effect on Pending Actions — Mortgage Foreclosure.* Chapter 109 of the Laws of 1893, concerning the sale and redemption of real estate, does not have the effect to change or nullify any of the terms of a judgment duly rendered before the passage of that act, directing the sale of lands, or any interest therein, for the purpose stated in said judgment.

### *Error from Rice District Court.*

Action for mortgage foreclosure by *Greenwood* against *Butler* and others. Plaintiff had judgment, and the land was sold. From a portion of the order made on confirmation, plaintiff and the purchaser of the land bring error. All the material facts are stated in the opinion.

*Owen A. Bassett,* for plaintiffs in error:

From an examination of the original contracts in suit and the pleadings, it will appear that the allegations contained in the petition are plain and concise statements of the terms of the contracts, and that the original judgment and decree, the supplemental decree, and the corrected judgment and decree, under the issues joined, and the findings of the court, are logical and lawful conclusions from the facts and the law applicable thereto.

It is not claimed by the defendants, and will not be, that there has been any modification of the original or supplemental or corrected judgment and decree by any subsequent order of the court, nor will it be claimed that any application is pending for the modification of these judgments; but it is claimed that the judgments entered September 22, 1891, April 7, 1892, and April 22, 1892, were so far modified by chapter 110, Laws of 1893, as to give the defendants a right of redemption from the sale made April 24, 1893.

The sale was made pursuant to the decree; the court had jurisdiction of the persons and subject-matter, and the decree

was not only in full force and effect, but no proceedings were pending for its modification; hence it followed that the purchaser was entitled to a deed, and to possession of the premises without delay. *Mills v. Ralston,* 10 Kas. 206.

At the time the mortgage in suit was executed (in 1889), and at the time the action was commenced, and at the time the judgment was rendered, there was no law authorizing a redemption from sheriff's sale, and the law of 1893 cannot have a retrospective operation so as to apply to the judgment; besides, the decree for foreclosure was binding on all parties, and it provided, on confirmation of sale, all right of redemption should be barred. *Ogden v. Walters,* 12 Kas. 282, 291.

*A. M. Lasley,* and *John Guthrie,* for defendants in error:

We call the court's especial attention to the following cases: *Bronson v. Kinzie,* 1 How. 311; *Cusic v. Douglas,* 3 Kas. 123; *Weaver v. Sells,* 10 id. 619; *Hawthorne v. Calef,* 2 Wall. 10; *Jackson v. Lamphire,* 3 Pet. 290; *Breidenback v. Bush,* 44 Pa. St. 318; *Bunn v. Gorgas,* 5 Wright, 441; *Andrews v. Harriott,* 4 Cow. 510; *United States v. Crosby,* 7 Cranch, 115; *Chick v. Willetts,* 2 Kas. 390; *Longwith v. Butler,* 3 Gilm. 32; *Vanderslice v. Knapp,* 20 Kas. 647; *Alexander v. Shonyo,* 20 id. 705; *Winston v. Burnell,* 44 id. 367; *Coxe v. Martin,* 44 Pa. St. 322; *Von Baumbach v. Bade,* 9 Wis. 559; *Life Ins. Co. v. Cushman,* 108 U. S. 51; *Robertson v. Van Cleave,* 26 N. E. Rep. 899, 903, and the line of reasoning pursued, and, likewise, to the case of *Davis v. Rupe,* 17 N. E. Rep. 163; also, to the case of *Morley v. L. S. & M. S. Rly. Co.,* 13 Sup. Ct. Rep. 54, (146 U. S. 162, decided November 14, 1892,) where the United States supreme court hold that a judgment is not a contract within the meaning of the section of the constitution relative to laws "affecting the obligation of contracts," and this even though the judgment is founded upon contract. See, also, *Wood v. Kennedy,* 19 Ind. 68; *Bank v. Dudley,* 2 Pet. 492; *United States v. Conway,* 1 Hempst. 313; Cooley, Const. Lim. 196–347; *Smith v. McCarthy,* 56 Pa. St.

362; *Robinson v. Schenck,* 102 Ind. 320; *Antone v. Wright,* 22 Gratt. 857; *Robinson v. Howe,* 13 Wis. 347; *Moore v. Martin,* 38 Cal. 428; *Stone v. Basset,* 4 Minn. 298; *Dawson v. Rupe,* 114 Ind. 588; *Van Baumbach v. Bade,* 9 Wis. 560; *Read v. Frankfort Bank,* 22 Me. 318; *Lockett v. Usry,* 28 Ga. 345; *Berthold v. Foy,* 23 Minn. 506; *Conkey v. Hart,* 14 N. Y. 31.

The opinion of the court was delivered by

ALLEN, J.: This action was commenced in the district court of Rice county, on the 25th day of May, 1891, by N. T. Greenwood, to foreclose a mortgage executed by Thomas A. Butler and wife on certain lots in the city of Lyons. Other parties, claiming liens on the land, were made defendants. Issues were joined, and on the 22d day of September, 1891, a judgment was rendered in favor of the plaintiff for $861.36, directing a sale of the premises without appraisement, subject to a mortgage for $6,000, and ordering execution to issue in six months, in case the defendant failed for that time to pay the amount of the judgment, interest, and costs. The decree concludes as follows:

"And it is further adjudged and decreed by the court, that the said defendants, and each of them, and all persons claiming or to claim by, through or under them, or any of them, upon the confirmation of any sale of said lands or tenements hereunder, be barred and forever foreclosed of all title to, lien upon or equity of redemption in said lands and tenements, or any part thereof, and that, upon confirmation of any sale made as herein provided, the sheriff be directed to put the purchaser of said lands or tenements in possession thereof."

Afterward, on the 7th day of April, 1892, on the application of the plaintiff for a supplemental judgment against certain other defendants who were brought in by publication, a further decree was rendered barring them also. Again, on the 22d day of April, 1892, a further order was made to supply omissions from the record, and a further and final decree was rendered, which concludes with an order barring the claims of all defendants, in the same language as that contained in the original decree. On the 23d of March, 1893,

an order of sale was duly issued on this judgment by the clerk of the court, and on the 24th day of April; 1893, the lots were sold to J. E. Putnam for $2,000, subject to the $6,000 mortgage. On the 25th day of May, 1893, the motion of the plaintiff to confirm the sale came on to be heard, and the sale was confirmed. The journal entry then proceeds as follows:

"And it is further ordered and adjudged, that so much of said motion as relates to directing the sheriff to make a deed to said purchaser of said lands and tenements, and put him in possession of said premises, be denied; to which last order and decision of the court the plaintiff and the said purchaser then and there excepted. And it is further ordered by the court, that the said sheriff execute to the purchaser a certificate containing a description of the property sold, and the amount of money paid by said purchaser, together with the amount of costs up to this date, stating that unless redemption is made within 18 months thereafter, according to law, that said purchaser, his heirs and assigns, will be entitled to a deed for the same; to which last order of the court the said plaintiff and the said purchaser then and there excepted."

The question presented in this case is as to the correctness of the decisions of the court last quoted. The plaintiff in error contends that, on the confirmation of the sale of the premises, he was entitled to a deed and to the possession of the property. Elaborate briefs are filed, and the case has been fully and ably argued by counsel. For the defendants in error, it is urged that chapter 109 of the Laws of 1893, known as the "redemption act," applies to this case; that the order made by the district court is in compliance therewith, and is valid. On the part of the plaintiff in error, it is contended that this act does not and cannot affect the rights of the parties to and purchasers under judgments rendered before the passage of the law; and, further, that the act can have no application to contracts made before its passage; that as to such contracts it would be in contravention of the tenth section of article one of the constitution of the United States, because it would impair the obligation of contracts. Chapter

109 of the Laws of 1893 went into effect on the 17th of March, 1893. The twenty-fifth section reads: "The provisions of this act shall apply to all sales under foreclosure of mortgage, trust deed, mechanic's lien, or other lien, whether special or general, and the terms of redemption shall be the same." The statute, in terms, contains no exception of past contracts or judgments already entered. The question as to the effect of this act on judgments already entered is necessarily involved in the decision of this case, and therefore should be first considered.

Speaking generally, it is the province of the legislature to establish, within constitutional limits, the rules, not only of procedure, but for the determination of rights, by which the courts shall be governed. These rules must, in the very nature of things, precede the action of the courts in the orderly determination of the rights of parties. Those interested in any controversy are given their day in court. At the appointed time the court hears their proofs, the presentation of their views as to the law fixing their rights, and thereupon proceeds to determine all questions both of fact and of law presented. This determination is entered of record, and becomes a final settlement and determination of the controversy. It hardly seems necessary to cite authorities to support the proposition that a final judgment so entered is not to be changed or set aside by the lawmaking power. Our form of government does not contemplate an appeal from the judgment of the courts to the legislature, nor does it contemplate nor authorize, by a sweeping act of the legislature, a change in the force and effect of a great class of judgments already entered. The precise question involved in this case was determined in the case of *Mills v. Ralston*, 10 Kas. 206. From the opinion in that case, delivered by Mr. Justice BREWER, we quote:

"The purchaser at a sheriff's sale looks to the decree for the measure of interest and title he will acquire by his purchase. He knows he can get no more interest than the defendant possesses and the decree orders sold. But he bids,

rightfully expecting to obtain all that. It is that interest which the sheriff offers; it is that he bids for; it is that which is struck down to him; and it is that which, if the sale. be confirmed, he should then receive. . . . The proceedings on the sale were regular; the plaintiffs, defendants and purchaser agreed in seeking a confirmation. The confirmation then followed as a matter of course. The decree barred redemption. The sale followed the decree. *All* the interest of the mortgagors (not an interest subject to the right to possess and redeem for two years) was offered by the sheriff, and was bid for by the purchaser. The confirmation closed that sale. The sale as made was the sale confirmed, and that by consent. The legal effect of that confirmation was to give the party a right to a deed, and the defendant could not, by objecting to a deed, deprive the purchaser of a right which flows from the confirmation. It is said that this carries the consent of the defendant to a point beyond that to which he intended it should go, and that the limit he intended is clearly indicated by his objecting to a deed. It is plain he wished only the confirmation of a sale of an interest subject to possession and redemption; but the trouble is, no such sale was made. It may be that, by consent of plaintiffs, defendants and purchaser, the decree might have been modified, and the sale confirmed as of an estate subject to redemption. But nothing of the kind was done. Plaintiffs and purchaser were seeking a confirmation of the sale made, and might not have cared for a confirmation of a different one. This is not in the nature of a contract in which, unless the minds of the parties agree, there is no contract. The order and decree of a court is not simply the record of an agreement. It establishes rights founded upon past transactions. The law, and not the will of the parties, determines its effect. For instance: A brings suit against B; B enters his appearance and consents to judgment, but objects to the judgment being a lien on his realty in the county. The judgment is entered, A making no consent. The *lien* would follow. The law attaches it to the judgment. Just so here. The confirmation of a sale under a decree barring redemption entitles the purchaser to a deed. Neither plaintiffs nor purchaser made any consent. They asked affirmative relief, relief they were entitled to under a decree. They asked confirmation of a sale. The defendant consented to it. It was ordered. Then followed the right to a deed, a right resting upon decree, sale, and confirmation." (See, also, *Ogden v. Walters*, 12 Kas. 282.)

We have considered the case of *Morley v. Railway Co.*, 146 U. S. 162, which holds, where a judgment for money is entered, and by law bears 7 per cent. interest, no rate being specified in the judgment, and a law is subsequently passed reducing the rate of interest on all judgments to 6 per cent., that such law operates on judgments rendered prior to its passage. The decision is put upon the ground that the interest in such case is in the nature of a penalty, or liquidated damages for the nonpayment of the judgment, and is a matter wholly within the discretion of the legislature, not being a part of the contract between the parties, nor fixed or established by the judgment of the court. From this decision Justices Harlan, Field and BREWER dissented. We do not think that case directly in point. The subject of interest was not there a matter of judicial determination. It followed as a legal incident, as would accruing costs attending the enforcement of a judgment. In this case the parties to the suit were to have the amount of the plaintiff's recovery determined by the court, and to have an adjudication as to the rights of all the parties claiming an interest in or lien upon the mortgaged property. The plaintiff then sought a sale of the property, and the application of the proceeds to the payment of his claim. It was absolutely necessary that the decree should determine what interest should be sold and whose rights should be barred. It directed a sale without appraisement of the interests of the mortgagors, but allowed them, in accordance with the law as it then stood, a stay of six months in which to redeem. In case of a failure to pay within that time, it directed a sale of the interest of the mortgagors, subject to the prior mortgage for $6,000, and decreed that, on the confirmation of such sale, the rights of all the defendants should be barred and foreclosed of all equity of redemption, and that the sheriff should be directed to put the purchaser into possession. The original judgment was entered almost a year and a half before the act of 1893 was passed, and the final supplemental decree more than 11 months before its passage. It cannot be said that a sale of lands with a right

of possession remaining in the judgment debtor for a year and a half thereafter is the same thing as a sale with a right to immediate possession on confirmation of the sale. It is simply the carving out and taking away from the estate originally decreed to be sold another estate limited for a year and a half. It diminishes the value of the lands to be sold by just exactly the value of the tenure, rent free, for a year and a half. The fact that the judgment would still draw interest does not affect the question as to the value of the security to be sold for its satisfaction.

We conclude, then, that judgments rendered prior to the passage of the act are not affected by it, and that all sales of land under such judgments must be made in accordance with their terms, and will pass such estates as are thereby ordered to be sold. As the conclusion we have reached on this question is decisive of the case, it is unnecessary to now enter into a discussion of the constitutional question so ably presented by counsel on both sides. The order directing that a certificate issue to the purchaser will be reversed, with the direction that the sheriff be ordered to execute a deed to the purchaser, and that he have immediate possession of the land sold.

*Redemption act—effect on pending actions—mortgage—foreclosure.*

All the Justices concurring.