BLUFF CITY LUMBER COMPANY *v.* BLOOM.

Opinion delivered December 11, 1897.

CONVEYANCE OF HOMESTEAD—WIFE'S NON-JOINDER.—A mortgage of a homestead in which the mortgagor's wife fails to join in the granting clause is void, under the act of March 18, 1887. (Following *Pipkin* v. *Williams,* 57 Ark. 242. (Page 494.)

CURATIVE ACT—EFFECT UPON VESTED RIGHTS.—A executed to B a mortgage upon his homestead which was void for failure of A's wife to join in the granting clause. Subsequently a creditor of A enforced a mechanic's lien upon the land, and bought it in at the sale. Within a year after such sale, an act was passed curing conveyances of homesteads which were defective for such non-joinder of the wife. *Held,* that the only effect of the curative act was to render B's mortgage valid as to the interest still held by A, namely, the right to redeem from the sale within one year from the date thereof. (Page 494.) ,

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

STATEMENT BY THE COURT.

In 1892 James Floyd was the owner of a lot in Taylor's addition to the city of Pine Bluff. In that year he became indebted to the Bluff City Lumber Company for materials furnished him by said company towards the erection of a building upon said lot; and on the 14th day of May, 1892, said company duly filed its lien for the price of said materials, in manner as provided by statute. Afterwards, while said lien existed, Floyd mortgaged the lot to appellee, Bloomah J. Bloom, to secure payment of $300, borrowed money, which is still due and unpaid. At the time the lien for price of materials was filed, and at the time this mortgage was executed, the lot, with improvements thereon, was the homestead of Floyd. His wife,

Esther Floyd, relinquished her right of dower in said land to the mortgagee, but did not join in the granting part of the deed. After this mortgage was executed and recorded, the Bluff City Lumber Company brought suit against Floyd, in the Jefferson circuit court, to enforce its lien for materials furnished, and recovered a judgment for the sum of $197.87, and condemning the property to be sold.

The lot was sold under an execution upon the judgment, and purchased by the company for the amount of its judgment and in satisfaction of the same. At the expiration of one year from the date of the sale, the land being unredeemed, the sheriff of Jefferson county executed and delivered a deed conveying the lot to said company. The appellee, Bloom, was not made a party to this action enforcing a lien for materials furnished. After the year for redemption had expired, she, in January, 1895, tendered to said company the full amount of the price paid by the company for the land at the sale under the execution, together with penalty, interest, and costs, which tender was refused. Shortly afterwards she brought this action in the Jefferson chancery court, asking to be allowed to redeem the land from the sale under the judgment aforesaid, and to foreclose her mortgage. Her right to redeem was denied and resisted by the appellant company. The chancellor held that, under the facts stated, she was entitled to redeem, and to enforce her mortgage against the land, and decreed accordingly.

*Bridges & Wooldridge*, for appellants.

A mortgage of a homestead in which the wife of the grantor does not join in the granting clause is void, and the mortgagee is not a necessary party to a proceeding to foreclose a prior lien. 57 Ark. 242. An act of the legislature, passed after rendition of the decree of foreclosure, curing the defect in the mortgage above referred to, cannot do more than give the mortgagee the mortgagor's right to redeem in one year. 128 N. Y. 190; 52 Kas. 424; 15 Am. & Eng. Enc. Law, 9; 68 Cal. 262; 56 Ark. 217; 52 Kas. 424; 163 U. S. 118; 8 Wheat. 75; 54 Ark. 81.

*Austin & Taylor*, for appellee.

Floyd and wife waived their homestead rights in the property. They had this right. 55 Ark. 139. The judgment fore-

closing the lien of appellants does not bind appellee, because she was not made a party. Sand. & H. Dig., § 4741; 33 Ark. 119; Pomeroy's Eq. Jur. § 1376. The act of 1893 cures the alleged defect in the mortgage. The delay in this case was not the fault of appellee, but of appellants.

RIDDICK, J., (after stating the facts.) The question in this case concerns the right of the appellee, Bloomah J. Bloom, to redeem land of one James S. Floyd, sold under an execution upon a judgment against him in favor of the appellant, the Bluff City Lumber Company. The judgment was recovered against Floyd in a proceeding begun by said company to enforce a lien for materials furnished by it to Floyd for the erection of a house upon the land sought to be redeemed.

Appellee bases her right to redeem upon a mortgage executed by Floyd to her after the lien for materials furnished had attached in favor of the appellant company. Now, as her mortgage was executed and recorded before the commencement of the action of the lumber company against Floyd, if such mortgage had been valid, she would have been a necessary party to said action; and, as she was not made a party, her rights would have remained unaffected by such action and the judgment therein. But, at the time her mortgage was executed, the land mortgaged was the homestead of Floyd, and his wife did not join in the granting clause of the deed, as required by statute in mortgages or other conveyances of a homestead. Sand. & H. Dig., § 3713. By reason of the failure to comply with the statute in this respect, the mortgage upon the homestead was, to quote the language of this court in a similar case, "a nullity, and left the title as though it had never been made." *Pipkin* v. *Williams*, 57 Ark. 242.

The interpretation given to the statute by the above and other decisions has become fixed, and cannot now be changed. The mortgage of appellee being a nullity, she had, at the time the company commenced its action to enforce its lien for price of materials furnished, no interest in the land, and it was unnecessary to make her a party to said action.

This action of the lumber company, as has been stated, progressed to trial and judgment; and, on the 14th day of Feb-

ruary, the land was sold and purchased by the company in satisfaction of its judgment against Floyd. After this purchase by the company, the legislature, on the 13th of April, 1893, passed an act curing conveyances of homesteads defective by reason of the failure to comply with provisions of the statute above referred to; but this curative act could not affect vested rights. At the time this act was passed, the appellant company, by virtue of its judgment against Floyd and its purchase at the sale of the land under the execution issued thereon, had become vested with the right to receive a conveyance of the title to said land if not redeemed within one year. The sheriff offered and sold to said company that interest in the land, and it thus acquired a property right, which could not be affected by a subsequent act of the legislature. *Barnitz* v. *Beverly*, 163 U. S. 118; *Bank of Harrison* v. *Gibson*, 60 Ark. 269; *Greenwood* v. *Butler*, 52 Kas. 424; Cooley, Const. Limitations (6 Ed.), 465.

The only effect this curative act of 1893 had upon the rights of the parties to this action was to render the mortgage to appellee valid as to the interest in the land still held by Floyd at the time the act was passed,—and this was the right to redeem from the sale at which the company purchased within one year from the date thereof. But appellee failed to exercise that right within the time allowed. The year for redemption expired, the sheriff executed his deed conveying the land to the company, and it thus became the absolute owner of the land.

The appellee is said to be a poor woman, not able even to pay for the printing of the brief of her counsel in this case, and this fact would, if we were allowed any discretion in the matter, incline us to uphold the decree granting her the right to redeem; but, under the law as determined by previous decisions of this court, the property in controversy belongs now to the appellant company, and appellee has no right to redeem against its consent.

The judgment in her favor must therefore be reversed, and her action to redeem dismissed for want of equity.

HUGHES, J., did not participate in the decision of this case.