SLEDGE & NORFLEET COMPANY *v.* CRAIG.

Opinion delivered September 28, 1908.

1. HOMESTEAD—CONVEYANCE BY MARRIED MAN—JOINDER BY WIFE.—Under Kirby's Digest, § 3901, providing that no conveyance affecting the homestead of any married man shall be of any validity "unless his wife joins in the execution of such instrument and acknowledges the same," a mortgage of a married man's homestead, containing no relinquishment of dower, is valid when signed and acknowledged by his wife, though her name is not mentioned in the granting clause. (Page 372. )

2. SAME—FORM OF WIFE'S JOINDER IN HUSBAND'S DEED.—Kirby's Digest, § 3901, providing that no conveyance affecting the homestead of a married man shall be valid "unless his wife joins in the execution of said instrument and acknowledges the same," does not require the use of any particular form or words in such execution or acknowledgment. (Page 373.)

3. REFORMATION—WHEN DECREED.—A court of equity will not, in a proper case, decline to reform an instrument which defectively describes the land intended to be conveyed because it also contains a defective acknowledgment which has been cured by statute. (Page 373.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* ·Chancellor; reversed.

*Rose, Hemingway,· Cantrell & Loughborough,* for appellant.

It is conceded that the deed would be invalid under the Acts 1887, Kirby's Digest, § 3901, unless cured by subsequent act of the Legislature. The curative act of 1903, Kirby's Digest, § § 783, 786, is sufficient for this purpose, and the deed conveys the homestead, the same not having been invalidated by any judicial proceeding, nor any suit instituted for that purpose, at the time the statute was enacted. 58 Ark. 117; 44 Ark. 365; 50 Ark. 294; 53 Ark. 57; 51 Ark. 419; 57 Ark. 242; 62 Ark. 431; *Id.* 160; *Id.* 320; *Id.* 338; 60 Ark. 269; 64 Ark. 492; 66 Ark. 226; *Id.* 455; 70 Ark. 166; 75 Ark. 139; 77 Ark. 57.

*L. P. Berry* and *A. B. Shafer,* for appellees.

1. Courts of equity will not, under the guise of reformation, abrogate positive statutory enactments. Under our law there is no method whereby the homestead may be conveyed, except as provided by the statute, Kirby's Digest, § 3901. In this case the wife does not join in the granting clause of the instru-

ment, and the acknowledgment is defective. The instrument does not fall within the terms of the curative act. 79 Wis. 147.

2. The equities in favor of appellees were sufficient to defeat reformation. Unless it clearly appears that the minds of the parties met on the terms of the agreement and that it was intended that the homestead should be bound for the entire indebtedness of all parties, reformation should not have been decreed. Wigmore on Ev. ¶ 2416.

McCULLOCH, J. During the month of March, 1900, Craig, Coston and Duffing, who were farmers residing in Crittenden County, Arkansas, jointly executed to Sledge & Norfleet Company of Memphis, Tennessee, a mortgage on certain crops, livestock, etc., and a forty-acre tract of land in that county which was owned by Craig and constituted his homestead. The tract is imperfectly described, but it is admitted in the pleadings that it was the intention of the parties to describe and convey the tract in controversy. This is a suit in chancery instituted by appellant, Sledge & Norfleet Company, to have the mortgage reformed so as to correctly describe the land intended to be conveyed, and to foreclose the mortgage. The chancellor refused to decree a foreclosure on the ground that Craig's wife did not properly join in the execution of the deed and acknowledge the same.

We find, however, from an inspection of the deed, which is copied in the transcript, that she did join in the execution and acknowledge the same before an officer authorized by law to take acknowledgments. It is true that her name is not mentioned in the granting clause of the deed along with the names of the other grantors, nor in any part of the deed, but the deed concludes with the statement that "the parties of the first part have hereto set their hands and seals," etc., and her name appears subscribed thereto with the names of the other grantors. The deed contains no clause relinquishing the wife's dower, and in order to give effect to her signature it must be construed to evidence an intention to join in the grant. *Pipkin* v. *Williams,* 57 Ark. 247.

The statute provides that "no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity * * * unless his wife joins in the execution of such instrument and acknowledges the same." Kirby's Digest, § 3901.

This statute prescribes no particular form of acknowledgment, and the court has held that the use of no particular form or words is essential in order to comply therewith, but that it is sufficient if the wife joins in the execution of a deed and acknowledges the same before an officer authorized by law to certify acknowledgments—these being the substantive acts required by the statute in order to give validity to a conveyance of the homestead. *Pipkin* v. *Williams, supra.* The officer's certificate to the deed involved in this case does not conform to the general statute prescribing the form of acknowledgments to deeds, but it does show that the wife acknowledged before the certifying officer that she executed the deed. This is all that is required by the statute directed especially to the wife's execution of a conveyance of the homestead.

But, if we should hold that the certificate of acknowledgment is defective, the defect has been cured by a subsequent statute. Act March 20, 1903, Kirby's Digest, § 786.

It is urged, however, that the curative statute has no application because the homestead was not correctly described in the deed. Appellees admitted in their pleadings the existence of facts, which justify a reformation of the instrument so as to make it correctly describe the land, hence the cured defect in the certificate of acknowledgment, if a defect existed, presented no obstacle in the way of reformation of the inaccurate description. The right to a reformation of the instrument rests upon established principles of equity, and when the defective certificate of acknowledgment was cured by the statute these principles came into operation as if no defect had ever existed.

The pleadings also present the issue whether or not the mortgage lien on Craig's homestead was confined to his separate indebtedness to appellant. The chancellor found that the indebtedness of all the mortgagors was joint and amounted to the sum of $854.21 at the time of the rendition of the decree.

We think the conclusion of the chancellor in this respect was correct, and that part of the decree is approved.

The decree is therefore reversed, and the cause is remanded with directions to enter a decree foreclosing the mortgage on the land described in the complaint.