GANTT *v.* HILDRETH.

Opinion delivered April 5, 1909.

HOMESTEAD—WIFE'S JOINDER IN HUSBAND'S DEED.—Where a married woman
   released her dower and homestead interest in her husband's convey-
   ance of his homestead and acknowledged same, though she was not
   named in the granting clause of the deed, she will be held to have
   joined in the execution of such deed, within the requirements of
   Kirby's Digest, § 3901.

Appeal from Columbia Chancery Court; *Emon O. Mahoney,*
Chancellor; reversed.

*Bridges, Wooldridge & Gantt,* for appellants.

1.   This case is settled by 84 Ark. 335. All defects were
cured by the Acts of 1907, p. 354. In this case there were no
vested rights intervening.

2.   In deeds which contain no dower clause, a mere signing
by the wife is held sufficient. It is not necessary for her to join
in the granting clause.   57 Ark. 247; 87 Ark. 371.

*Stevens & Stevens,* for appellees.

1.   The deed was never executed nor acknowledged as re-
quired by law.   Acts 1887, p. 90. It was not cured by Acts
1907, p. 354.

2.   Hildreth died before the passage of the curative act, and
his wife and children had vested rights at his death.   Art. 9, §
6, Const.; Kirby's Dig. § 3882; 60 Ark. 277.

BATTLE, J.   N. J. Gantt and T. P. Gantt, partners doing
business under the firm name and style of Gantt Mercantile
Company, and A. B. Henderson, trustee, instituted a suit against
Ola Hildreth, the widow, and Bertha Hildreth, Chester Hildreth
and Dewey Hildreth, heirs at law, of Will B. Hildreth, deceased,
to foreclose a deed of trust executed by Will B. Hildreth in his
lifetime, and by Ola Hildreth, his wife, to secure the payment
of two promissory notes that were executed by Will B. Hildreth
to the Gantt Mercantile Company.   The deed of trust conveyed
certain lands of Will B. Hildreth, which constituted his home-
stead, to A. B. Henderson in trust to secure the payment of the
notes.   It was executed on the third day of March, 1906. At

that time Ola Hildreth was his wife, and joined with him in executing the deed but not in the granting clause. The deed concludes as follows: "And I, Ola Hildreth, wife of the said Will B. Hildreth, for and on my part and behalf, and for the consideration and purposes herein expressed, do hereby freely and fully relinquish and release unto the said A. G. Henderson as trustee all my rights of dower and homestead in and to the aforesaid granted and bargained lands and premises.

"In witness whereof we hereunto set our hands and seals.

(Signed)      "Will B. Hildreth,     (Seal)
              "Ola Hildreth.         (Seal)"

They acknowledge the deed; the wife, in the absence of her husband, declaring that she had, of her own free will, signed and sealed the relinquishment of dower and homestead for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her husband.

Will B. Hildreth died on the tenth day of August, 1906, leaving surviving him Ola Hildreth, his widow, and the defendants, Bertha, Chester and Dewey Hildreth, his children and heirs at law. The lands conveyed by the deed constituted his homestead at the time of his death, and his heirs and children were minors. He purchased one of the tracts constituting his homestead from one Manees at the price of two hundred dollars, and the Gantt Mercantile Company furnished the money to pay the same, and it was secured with other indebtedness by the deed.

The court dismissed the complaint as to the lands, except the tract purchased from Manees, and as to that held and decreed that the plaintiffs had a lien for the $200 advanced to pay for it and interest thereon, and ordered that it be sold to satisfy the lien. The plaintiff appealed.

The court found that Ola Hildreth did not join in the execution of the deed of trust, nor acknowledge the execution of the same, and that the deed was void as to all the land, except the tract for which the $200 was paid. This finding was based upon section 3901 of Kirby's Digest, which provides: "No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborer's liens, and the purchase money, unless his wife

joins in the execution of such instrument and acknowledges the same."

In considering this statute in *Pipkin* v *Williams,* 57 'Ark. 242, 246, this court said: "The requirements of the act are two: first, that the wife shall join in the execution of the deed; and, second, that she acknowledge it. It demands substantive acts only, and prescribes no particular manner of performing them. If she actually join in executing the deed, and then acknowledge its execution before an officer authorized to certify acknowledgments, she has done all the substantive acts required; and, as the statutes prescribes no form or manner of doing them, there can be no noncompliance with its provisions for matter of form merely. Whenever a substantial compliance appears, the statute is satisfied, and the deed will be valid." In speaking of the deed in question in that case the court further said: "It is in form a deed poll, and its premises indicate that M. F. Lake is the sole grantor. The name of his wife does not appear in the granting part nor elsewhere in the body of the deed; it appears only after the usual covenants of warranty, in a clause which declares that she releases to the grantee all her right or possibility of dower. If this clause were not in the deed, it would perhaps be proper to hold that the fact of her signing it evidenced an intention to join in its execution, and give it whatever effect might legally result from her executing it; but it expressly declares what her purpose was, and restricts the operation of the deed as against her to the release of her dower."

In *Bluff City Lumber Co.* v. *Bloom,* 64 Ark. 42, a conveyance of a married man's homestead was involved. The wife relinquished to the grantee her right of dower in the land, but did not join in the granting part of the deed. Mr. Justice RIDDICK, delivering the opinion of the court in that case, said: "But at the time mortgage was executed the land mortgaged was the homestead of Floyd, and his wife did not join in the granting clause of the deed, as required by statute in mortgages or other conveyances of a homestead. Sand. & H. Digest, § 3713. By reason of the failure to comply with the statute in 'this respect, the mortgage upon the homestead was, to quote the language of this court in a similar case, 'a nullity, and left the title as

though it had never been made.' *Pipkin* v. *Williams,* 57 Ark. 242."

*Sledge & Norfleet Co.* v. *Craig,* 87 Ark. 371, also involved a conveyance of a homestead of a married man. In that case the court said: "We find, however, from an inspection of the deed, which is copied in the transcript, that she did join in the execution and acknowledge the same before an officer authorized by law to take acknowledgments. It is true that her name is not mentioned in the granting clause of the deed along with the names of the other grantors, nor in any part of the deed, but the deed concludes with the statement that 'the parties of the first part have hereto set their hands and seals,' etc., and her name appears subscribed thereto with the names of the other grantors. The deed contains no clause relinquishing the wife's dower, and in order to give effect to her signature it must be construed to evidence an intention to join in the grant. *Pipkin* v. *Williams,* 57 Ark. 247."

There can be no controversy as to the acknowledgment of the deed in this case. If defective, it was cured by a subsequent statute. Acts of 1907, page 354. So the only question in this case is, did the wife join in the execution of the deed in the manner required by the statute? The object of the statute is to prevent the alienation of the homestead of a married man without the consent of the wife. There is no efficacy in the requirements of the statute except for that purpose. It would seem, therefore, that the effect of the execution of the conveyance of a homestead by the husband and wife depends upon the intent of the wife as shown by the deed. *Pipkin* v. *Williams* and *Sledge & Norfleet Co.* v. *Craig, supra,* so decide. In the deed in this case the wife expressly relinquishes and releases all her rights of dower and homestead, showing clearly and unequivocally that her intention was to join her husband in the conveyance of the homestead, and such was the effect of her execution of the deed.

The decree is reversed as to so much thereof as dismisses the complaint, and affirmed as to the tract of land ordered to be sold, and the cause is remanded with directions to the court to enter a decree in accordance with this opinion.