## WARD v. STARK.

### Opinion delivered July 12, 1909.

1. HOMESTEAD—WIFE'S JOINDER ON HUSBAND'S DEED.—Where a married woman joined in the granting part of her husband's conveyance of his homestead, and released her dower and homestead interest therein, she will be held to have joined in the execution of such deed within the requirements of Kirby's Digest, § 3901. (Page 272.)

2. LIEN—ENFORCEMENT.—A contract for the purchase of fruit trees, to be planted on a certain farm, which recites that "this agreement is and shall be a lien upon said farm upon which the trees are planted until the said party of the second part shall receive of the said party of the first part the compensation herein above specified," manifests an intention to create a lien upon the land, which will be enforced in equity. (Page 273.)

3. HOMESTEAD—WIFE'S JOINDER IN HUSBAND'S CONVEYANCE.—Where a married woman signed an instrument creating a lien upon her husband's homestead and acknowledged it, though her name does not appear in the body of the instrument, she will be held to have joined in such instrument, within the meaning of Kirby's Digest, § 3901. (Page 273.)

4. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's findings of facts will not be disturbed where the preponderance of the testimony is not against it. (Page 274.)

5. SIGNATURE—ATTESTATION.—The method provided by Kirby's Digest, § 7799, for attesting the signature of a person who cannot write is not exclusive, and the validity of such signature is not affected if the person appears before an officer and acknowledges the execution of the instrument. (Page 274.)

Appeal from Greene Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*Huddleston & Taylor,* for appellants.

1. Mrs. Ward was not present when the instrument was executed, but if she was she did not sign it except by mark, and there were no witnesses to signature. Kirby's Dig., § 7799; 60 Ala. 293.

2. The instrument does not describe the land, and is void for uncertainty. Besides, the fruit tree contract is not a mortgage. Washburn on Real Prop., § 475. There is no granting clause; no habendum clause; no warranty clause or covenants; no defeasance clause. It is nothing more than a pledge, and the record of it is not notice. 33 Ark. 77; 23 Minn. 454; 11 *Id.* 475; 78 S. W. 340.

3. The mortgage was not properly executed nor acknowledged under the homestead act, and is void. 33 Ark. 722; Kirby's Dig., § 3901; 26 Ark. 128; 32 *Id.* 453; 53 *Id.* 53; 57 *Id.* 242; 112 S. W. 892; 66 Ark. 226; 70 *Id.* 166; 82 *Id.* 209; 60 *Id.* 277; 3 Man. & G. 742. The word "stated" is not equivalent to "acknowledged." 4 Mich. 565; 2 S. E. 97; 12 S. W. 820; 40 So. 67; 52 S. W. 318; 52 S. W. 1003.

*Johnson & Burr,* for appellees.

1. The court's finding on the issue of fact as to whether or not Mrs. Ward signed and executed the first mortgage is supported by the evidence, and will not be disturbed. 115 S. W. (Ark.) 1141; 77 Ark. 305; 68 Ark. 134; *Id.* 314. The evidence to impeach the officer's certificate of acknowledgment must be clear and convincing beyond a reasonable doubt. 1 Am. & Eng. Enc. of L., 2d Ed. 560; *Id.* 561, note 5 and cases cited; 18 Am. Rep. 634. The testimony of both husband and wife is not sufficient

to overturn the officer's certificate. 52 S. W. 909; 115 N. W. 548; 128 Ill. App. 195; 52 S. E. 23; 36 O. St. 644; 45 O. St. 1, 4; 116 N. W. 43. "A person's name signed by another person with his authority is his signature." 25 Am. & Eng. Enc. of L., 2d Ed. 1066; 126 Ga. 305; 88 App. Div. (N. Y.) 65. The acknowledgment, if defective, was cured by act of March 20, 1903, Kirby's Dig., § § 783, 786; 75 Ark. 139; 77 Ark. 57; 118 S. W. 255; 112 S. W. 892. Mrs. Ward is bound, notwithstanding her name did not appear in the body of the mortgage. 112 S. W. 892; 3 Wash. Real Property, c. 4, § 1, sub. 31; 28 N. W. 116; 86 Ky. 653; 26 Miss. 275; 2 N. H. 525; 58 S. E. 828.

2. The omission of the range number by the clerk in recording the mortgage does not operate to prejudice the mortgagee. 28 Ark. 244; 54 Ark. 273. But the record is sufficiently clear to enable a surveyor to identify the land with reasonable certainty. 11 Cur. Law 1057; 40 Ark. 237.

3. The instrument sued on is an equitable mortgage. 3 Pomeroy, Eq., § 1237; 1 Jones on Mort. 168; 31 Cal. 321; 51 Ark. 433; 60 Ark. 595; 11 Am. & Eng. Enc. of L., 2d Ed. 123; 78 S. W. 340.

4. The language employed in the mortgage clearly shows the wife's intention to join in the conveyance of the homestead, and is sufficient for that purpose. 118 S. W. (Ark.) 255.

McCULLOCH, C. J. This is a suit in equity instituted by appellees, Stark Brothers, against G. O. Ward and his wife, N. G. Ward, to obtain foreclosure of two certain instruments of writing, alleged to be mortgages on the same tract of land, which constituted the homstead of G. O. Ward. J. A. Gill, a subsequent purchaser of the land from Ward, was made a defendant in the suit, and he also appeals from the decree of foreclosure.

The first instrument executed is as follows:

"This indenture, made and entered into on this 14th day of October, A. D. 1901, by and between G. O. Ward, of Finch, Ark. (residence 10 miles S. W.), county of Greene, State of Arkansas, party of the first part, and Stark Brothers, of Louisiana, county of Pike, State of Missouri, parties of the second part, witnesseth, that the said party of the first part, in consideration of the parties of the second part selling and shipping to him in the fall of 1901 to Paragould, Ark., railroad charges prepaid,

thirteen hundred (1300) fruit trees, binds himself and his heirs and assigns to carefully plant and care for said trees on his farm containing eighty acres, situated in Greene County, State of Arkansas, and more particularly described as follows, to-wit:

"W. ½ N. W. ¼ of section 14, township 16 N., range 4 east, boundaries (here gives names of adjoining owners) A. Fletcher on N., Bob Treece on E., on south Elen Edwards, on W., W. J. Hyde, and pay to the order of said second parties, their heirs and assigns, as per first party's four promissory notes to be executed by said first party to said second parties when the aforesaid trees are shipped, two hundred and seventy dollars ($270) due and payable as follows: all deferred payments and interest hereinafter particularly specified to date from the first date Nov. 1, 1901 . . . . one-fifth cash on receipt of trees, one-fifth (1-5) in one year, one-fifth (1-5) in two years, one-fifth (1-5) in three years, one-fifth (1-5) in four years, with interest at the rate of six per cent. per annum; and if the interest be not paid annually, the same is to become principal and bear the same rate of interest; to the payment of which sums as the same shall become due the party of the first part binds himself, his heirs, assigns and grantees of and to the aforesaid described lands; the right being reserved to the said party of the first part to pay the full amount remaining unpaid and not yet due, together with accrued interest, at any time he may elect.

"Said first party, for the purpose of obtaining the aforesaid trees, waives all exemptions, and states that the above described real estate is free and clear of all incumbrances, and that he claims the same with a perfect title. And it is also understood and agreed by the parties hereto concerned that this agreement is and shall be a lien upon said farm upon which the trees are planted until the said party of the second part shall receive of the said party of the first part the compensation herein above specified.

"In witness whereof, we have hereunto set our hands and seals this day and year first above written.

"G. O. Ward.

"N. G. x Ward.

Witnessed by

. . . . . . . . . . . . . . . . . . . . .

"State of Arkansas,

"County of Greene.

"Be it remembered that on this day came before me, a justice of the peace duly commissioned and acting, G. O. Ward and N. G. Ward, his wife, to me well known as grantors in the foregoing instrument of writing, and stated that they had executed the same for the consideration and purposes therein mentioned and set forth. In witness whereof I have hereunto set my hand and affixed my official seal at my office in Paragould, the day and year above written.

"Jeff Bratton, J. P."

This instrument was duly filed for record and recorded, and notes were subsequently executed to cover the debt therein described. The second instrument is regular in form as a mortgage, and was duly executed and acknowledged by G. O. Ward. His wife N. G. Ward joined her husband in the granting clause of the deed, and also expressly relinquished dower and homestead. The certificate of her acknowledgment is as follows:

"State of Arkansas,

"County of Greene.

"Be it remembered, that on this day came before me, the undersigned, a justice of the peace within and for the county aforesaid duly commissioned and acting, voluntarily appeared before me the said N. G. Ward, wife of the said G. O. Ward, to me well known, and in the absence of her said husband declared that she had of her own free will signed and sealed the relinquishment of dower and homestead in the foregoing deed for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her said husband.

"Witness my hand and seal as such justice of the peace on the 10th day of August, 1904.

"S. W. Atchinson, J. P."

It is contended that the wife's acknowledgment to this mortgage was an insufficient compliance with the provisions of the statutes (Kirby's Digest, § 3901) concerning conveyances of a homestead. This objection may, however, be disposed of by reference to the recent case of *Gantt* v. *Hildreth*, 90 Ark. 113, which is precisely in point and decisive of this case.

Questions arising on the other branch of this case, involving the first instrument, are, however, more serious. Was it sufficient to constitute an equitable mortgage on the land described? The only language purporting to create a lien is as follows: "It is also understood and agreed by the parties hereto concerned that this agreement is and shall be a lien upon said farm upon which the trees are planted until the said party of the second part shall receive of the said party of the first part the compensation herein above specified." This language in the instrument unmistakably manifested the intention of the parties that a lien should be thereby created on the land, and equity will give effect to this intention by enforcing the lien. *Mitchell* v. *Wade*, 39 Ark. 377; *Bell* v. *Pelt*, 51 Ark. 433; *Williams* v. *Cunningham*, 52 Ark. 439; *Martin* v. *Schichtl*, 60 Ark. 595; *Flagg* v. *Mann*, 2 Sumn. 486; *Pinch* v. *Anthony*, 8 Allen 536; *Stark* v. *Anderson* (Mo. App.) 78 S. W. 340; *Martin* v. *Nixon*, 92 Mo. 26.

"Equity requires no particular words to be used in creating a lien. It looks through the form to the substance of an agreement; and if, from the instrument evidencing the agreement, the intent appear to give, or to charge, or to pledge, property, real or personal, as a security for an obligation, and the property is so described that the principal things intended to be given or charged can be sufficiently identified, the lien follows." *Martin* v. *Schichtl, supra*. Mr. Pomeroy stated the rule in substantially the same language. 3 Pom. Eq. Jur., § 1237.

It is also contended that the instrument now under consideration was not executed in compliance with the homestead statute, and therefore was insufficient to create a lien. The wife's name does not appear in the body of the instrument, but she signed it and acknowledged its execution. It contains no relinquishment of dower, and the wife's execution of it is referable only to an intention to consent to the creation of the lien and to join in the act creating it. In no other way can any effect be given to her signature. *Sledge & Norfleet Company* v. *Craig*, 87 Ark. 371.

Any defect in the acknowledgment of the deed was cured by the two statutes enacted on March 20, 1903. Kirby's Digest, § § 783, 786.

Appellants introduced testimony tending to establish the

fact that Mrs. Ward did not sign the deed or acknowledge its execution; that her name was signed without authority; and that she did not appear before the officer who certified the acknowledgment. The testimony on this point was conflicting, and the preponderance is not against the chancellor's findings.

Mrs. Ward signed by mark, and the person who signed her name did not attest the signature as provided by statute. Kirby's Digest, § 7799. The method provided by statute for attesting the signature of a person who cannot write is not exclusive, but only establishes *prima facie* the genuineness of the signature without other proof of signing. Ex parte *Miller*, 49 Ark. 18. Where a person whose name is signed in this way appears before an officer and acknowledges the execution of the instrument, but the statutory requirement relating to signature by mark is not observed, the validity of the instrument is not affected. An unauthorized signature is ratified by the person appearing before an officer and acknowledging the execution of the instrument. *Goodman* v. *Pareira*, 70 Ark. 49.

There is a defect in the record as to the description of the property on which the lien is created; but the original instrument in writing which was introduced disclosed the fact that there is no defect. The error was that of the recording officer, and the lienor is not responsible therefor. *Oats* v. *Walls,* 28 Ark. 244; *Turman* v. *Bell,* 54 Ark. 273.

Decree affirmed.