A. R. BOWDRE & COMPANY v. PITTS.

Opinion delivered April 25, 1910.

1. HOMESTEAD—WIFE'S JOINDER IN HUSBAND'S DEED.—Where a married woman released her dower and homestead interest in her husband's conveyance of his homestead, and acknowledged same, though she was not named in the granting clause of the deed, she will be held to have joined in the execution of such deed, within the requirements of Kirby's Digest, § 3901. *Gantt* v. *Hildreth,* 90 Ark. 113, followed. (Page 614.)

2. LIMITATION OF ACTIONS—MORTGAGES—SUSPENSION BY DEATH.—Upon the death of the maker of a note and mortgage before the statutory period of limitation of five years has expired, that statute ceases to run, and the statute of nonclaims does not commence to run until letters of administration are issued on the estate. (Page 614.)

3. SAME—MORTGAGE—ADVERSE POSSESSION.—A suit to foreclose a mortgage executed by a deceased mortgagor is not barred by reason of the possession of the land by the widow and heirs of the mortgagor for more than seven years, if there is no showing that their possession was adverse to the mortgagee. (Page 614.)

4. SAME—PART PAYMENT.—A payment on a debt secured by a mortgage of land, made by the widow of the mortgagor in possession thereof, is an acknowledgment of holding under the mortgage, not in hostility to it. (Page 615.)

Appeal from Conway Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed.

*Sellers & Sellers,* for appellant.

Death of the maker of a note stops the statute of limitation until an administrator is appointed. 73 Ark. 45. There is no adverse possession shown. 56 Ark. 485; 70 Ark. 53; 43 Ark. 469; *Id.* 504; 56 Ark. Curative acts are not violative of the rights of heirs. 44 Ark. 365.

McCULLOCH, C. J. Andy Robertson owned a tract of land in Conway County, Arkansas, which constituted his homestead, and on March 24, 1899, he executed to Riley Parker a mortgage on said land to secure the payment of a promissory note of the same date, executed to Parker for $215.10, due November 1, 1899, with interest at the rate of ten per cent. per annum from date until paid. Mollie Robertson, wife of the said Andy, joined in the execution of said mortgage, and acknowledged same.

Andy Robertson died intestate on June 3, 1900, leaving surviving him his widow, the said Mollie Robertson, and several children, all of whom were under minority save one. There has been no administration on his estate. Mollie Robertson died on August 27, 1907.

Parker assigned to appellant, A. R. Bowdre & Company (a domestic corporation), the note secured by said mortgage, and in March, 1908, appellant instituted this action in the chancery court of Conway County against said children and heirs at law of Andy Robertson, deceased, to foreclose said mortgage. There is a credit of $9 on the note, which was paid by Andy Robertson to Parker on March 28, 1899, and also a credit of $25, which was paid by Mollie Robertson to appellant on April 17, 1903. Nothing else has been paid on the note.

A guardian was appointed by the court to defend for the infant defendants, and an answer was duly filed, in which it was denied that Mollie Robertson · joined in the execution of said mortgage, or acknowledged same. The statute of limitation was also pleaded in bar of appellant's right to foreclose the mortgage. The chancery court sustained the plea of limitation, and dismissed the complaint for want of equity.

The wife, Mollie Robertson, joined in the execution of the mortgage, and acknowledged the execution of the same, in the same manner and form as was done by the wife in the case of *Gantt* v. *Hildreth,* 90 Ark. 113, and the decision in that case rules this on that point.

The statute provides that "in suits to foreclose or enforce mortgages or deeds of trust it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for· a suit on the debt or liability for the security of which they were given." (Act March 25, 1889, § 1; Kirby's Dig., § 5399). The right of action in the case accrued November 1, 1899, and would have been barred November 1, 1904, but for the death of the mortgage debtor on June 3, 1900. The general statute of limitation then ceased to run against the debt and was succeeded by the two-year statute of nonclaims, which did not begin to run before administration on the estate of the decedent. There has been no administration, so the statute of nonclaims has not commenced running. *Ross* v. *Frick Co.,* 73 Ark. 45; *McGill* v. *Hughes,* 84 Ark. 238.

The general statute of limitation of seven years did not bar the debt after the death of the debtor, for the reason that there is no evidence that the occupancy of the land by the widow and heirs was adverse to the rights of the mortgagee. The payment made by the widow within that period, while occupying the land, operated as an acknowledgment that the holding was not hostile to the rights of appellant. *Goodman* v. *Pareira,* 70 Ark. 49.

The action to foreclose the mortgage was therefore not barred, and the chancellor erred in dismissing the complaint. Reversed and remanded with directions to enter a decree foreclosing the mortgage.