BYARS *v.* WOMACK.

4-4008

Opinion delivered November 4, 1935.

*Haynie, Parks & Westfall,* for appellant.
*H. G. Wade,* for appellee.

SMITH, J. Appellant, B. J. Byars, brought this suit January 29, 1934, to foreclose a mortgage alleged to have been executed by W. J. Womack and Annie, his wife, to secure a note for $1,000 executed by them to the plaintiff's order on December 2, 1918. It is alleged that the makers of the note paid the interest due for the first year, together with $200 on the principal, reducing it to $800. The interest was paid in full on the note for each year to and including 1930. A payment of $5 interest was made on the note in 1932. The mortgaged land constituted the homestead of W. J. Womack, a portion of which had been purchased with the borrowed money which the note referred to evidenced. Womack died in 1926, and his widow and children, who have been made parties to the suit, have continued since to reside on the

land. Answers were filed, in which the execution of the note and mortgage was denied, and the statute of limitations was pleaded.

The execution of the note and mortgage was proved by the notary public who took the acknowledgment. He knew Mr. Womack, the mortgagor, but did not know his wife, but he took the acknowledgment of a woman represented by Womack to be his wife. He prepared both the note and the mortgage, does not remember seeing Mrs. Womack sign either the note or the mortgage but believes the signature on the note is the same as that to the mortgage the acknowledgment of the execution of which was taken by him of a woman who Womack said at the time was his wife.

Mr. Byars testified that after the death of Mr. Womack the latter's widow and two oldest sons asked him to indulge them until they were able to pay the debt. Mrs. Womack asked him from time to time to continue to carry the debt, and he told her, if she kept on paying the interest, he would not push her. Mrs. Womack never wrote him a check or paid him any money, but the first year after Mr. Womack's death his son, Kinch Womack, deposited $80 in bank to his credit. He saw Mrs. Womack, who told him the money was the proceeds of some cotton grown on the place. After that the interest was deposited to Byars' credit each year in the bank where he carried his account, the last deposit being made December 30, 1930. The last payment of interest was made November 15, 1932, being the value of ten bushels of corn which the mortgagor's son, Jesse, delivered in Byars' crib. This payment was credited on the margin of the mortgage record the day it was made and attested by the clerk. Although Mr. Womack died in 1926, there has never been any administration upon his estate.

Mrs. Womack admitted that she had signed the mortgage, but denied that she had acknowledged it. She denied that she had signed the note, but admitted that her husband had borrowed the money to buy a portion of the land described in the mortgage and evidenced by the note. She denied acknowledging the validity of the note to Byars, or that she had promised to pay it, or that

she had authorized any payments to be made upon the note. She testified that after her husband's death her sons took charge of the farm and ran it, that she would occasionally be given a little money by one or the other of her sons, but they managed the farm and ginned and sold the cotton grown thereon.

Golden Womack, one of the sons, testified that his father had signed both names appearing on the note. Jesse Womack, another and the oldest son, gave testimony to the same effect. He admitted having had a conversation with Mr. Byars about the mortgage, but gives a different version as to what was said. He testified that he told Mr. Byars he would try to pay the mortgage off and take the land himself, and that Byars told him if he would pay the note he would give him a deed. No other members of the Womack family appear to have been advised of this arrangement. Pursuant to this understanding, Jesse paid the interest for a number of years. He testified that the place was turned over to him to make the family a living and to keep things going. The money paid was derived from the proceeds of the sale of crops grown on the mortgaged land.

The decree recites no finding of facts by the court except the general finding in favor of the defendants, upon which the complaint was dismissed as being without equity.

We do not concur in this finding. Mrs. Womack admits signing the mortgage, and the effect of the notary public's testimony is that she also acknowledged it, and had signed the note.

Mr. Byars testified that Mrs. Womack admitted signing both the note and the mortgage, and that she asked and was given indulgence in the matter of payment. That payments were made is shown by the testimony of the oldest son who appears to have taken charge of the estate upon the death of his father. He became his mother's general agent. His testimony that he made the payments upon condition that Byars would make a deed to him, and that they were not made on the note, carries no conviction. Byars could not convey the land to any one. He did not own it. He only had a mortgage on it.

771

Jesse Womack had not told the other members of the family that he was using the proceeds of the farm, in which they were all interested, to pay, not the debt which, the mortgage secured, but purchase money to a man who did not own the farm but only had a mortgage on it.

We think the preponderance of the testimony shows that Mr. and Mrs. Womack signed the note and executed and acknowledged the mortgage which secured it, and that the mortgage had been kept in force by the payments above mentioned by one of the joint makers of the note. If the facts are as we find them to be, there is no necessity to discuss the law of the case. But see *Bowdre & Co.* v. *Pitts*, 94 Ark. 613, 128 S. W. 57.

The decree of the court below will therefore be reversed, and the cause remanded with directions to decree the foreclosure of the mortgage in satisfaction of the balance found to be due on the note, including any taxes the mortgagee may have paid to protect his security.