MAYFIELD v. SEHON.

4-7112                                      172 S. W. 2d 914

Opinion delivered July 5, 1943.

*Mahony & Yocum,* for appellant.

*Floyd E. Stein* and *Surrey E. Gilliam,* for appellee.

McHANEY, J. Appellees, husband and wife, on June 23, 1932, being indebted to First National Bank of Huttig, in Union county, Arkansas, on a promissory

note of said date, executed and delivered their deed of trust to a trustee for said bank to secure said indebtedness, conveying the northeast quarter northeast quarter of section 26, township 19 south, range 11 west. In this deed of trust appellee, Alice Sehon, was not mentioned in the granting clause as a grantor or as a party of the first part, nor did her name appear therein until near the end thereof as follows: "And, I, Alice Sehon, wife of the said M. A. Sehon, for and on my own part and behalf, and for the consideration and purposes herein expressed do hereby join my husband in the execution of this instrument and for the purpose herein expressed do relinquish and release unto the said E. L. Howard, trustee, all my right of dower in' and to the aforesaid granted and bargained lands and premises.

"And we hereby waive any and all rights of appraisement, sale or redemption given us under and by virtue of [the laws of] the state of Arkansas."

Alice Sehon signed the instrument and acknowledged same in the following language: "And also on the same day voluntarily and in person appeared before me Alice Sehon, wife of the said M. A. Sehon, to me well known, and in the absence of her husband declared that she had of her own free will, joined with her husband in the execution of the above and foregoing instrument and does release and relinquish all her rights of dower in and to the lands mentioned in said instrument, all for the purposes and considerations therein contained and set forth, without compulsion or undue influence of her said husband."

Appellee Sehon failed to pay his indebtedness to the bank secured by said deed of trust, and on December 31, 1935, the property was duly advertised and sold under the power of sale in said instrument by a trustee's deed to M. L. and Vanna Gamble. On September 4, 1939, the Gambles sold and conveyed said land to appellant, Dr. Mayfield, who with his grantor has been in the actual-possession thereof from a time shortly after the trustee's sale, appellees having moved away.

Appellees brought this action to cancel said trustee's sale on April 28, 1941, more than five years after they had moved away. The sale was attacked on two grounds hereinafter discussed, the principal one being that the land covered by the deed of trust was their homestead and that the wife, Alice Sehon, did not join in the execution of the deed of trust and acknowledge same as required by § 7181 of Pope's Digest which provides: "No conveyance, mortgage, or other instrument affecting the homestead of any married man shall be of any validity, unless his wife joins in the execution of such instrument, and acknowledges the same." The other ground of attack was that the land was not properly described in the deed of trust, the township being written as 14 south, when in fact it was 19 south. Issue was joined by answer and a cross-complaint sought reformation of the record of the deed of trust and the deed itself if found necessary, so as to show the correct township description, and to recover for taxes and improvements. Trial resulted in a decree for appellees that the wife had not properly joined with her husband in conveying her homestead and canceled said deed of trust, the trustee's deed to Gamble and the deed from Gamble to appellant, and dismissed the cross-complaint for want of equity.

In so holding we think the learned trial court misconceived the former holdings of this court and misconstrued the above quoted language in the deed of trust. While it is true that Alice Sehon was not named as a grantor therein, she declared that "for and on my own part and behalf and for the consideration and purposes herein expressed, do hereby join my husband in the execution of this instrument" and she then added the clause releasing dower. Now the statute above quoted only requires the wife (1) to join "in the execution of such instrument" and (2) to acknowledge the same. *Pipkin* v. *Williams*, 57 Ark. 242, 21 S. W. 433, 38 Am. St. Rep. 241; *Bluff City Lumber Co.* v. *Bloom*, 64 Ark. 492, 43 S. W. 503; *Sledge & Norfleet Co.* v. *Craig*, 87 Ark. 371, 112 S. W. 892; *Gantt* v. *Hildreth*, 90 Ark. 113,

118 S. W. 255. In the Pipkin case, *supra,* it was said: "If she (the wife) actually join in executing the deed, and then acknowledge its execution before an officer authorized to certify acknowledgments, she has done all the substantive acts required; and, as the statute prescribed no form or manner of doing them, there can be no noncompliance with its provisions for matter of form merely. Whenever a substantial compliance appears, the statute is satisfied, and the deed will be valid." In that case, the deed of M. F. Lake to his homestead was held void because his wife did not join in the granting part of the deed. The only mention of her in the deed was in this clause: "And I, Mary Lake, wife of the said M. F. Lake, for and in consideration of the said sum of one thousand dollars, and for other good and valuable considerations, do hereby release and relinquish all of my right, title, claim or possibility of dower in and to the above granted lands and tenements." She did not state, as Alice Sehon does here, that she joined her "husband in the execution of this instrument." We think that language tantamount to naming her as a grantor in the granting clause of the instrument along with her husband. She joined with her husband in the execution of the instrument "for the consideration and purposes herein expressed." The consideration was the money borrowed from the bank by them, and the purpose of the instrument was to convey the whole title to the land as security for its repayment. If Alice Sehon had been named along with her husband as one of the parties of the first part in the granting clause, and she had executed and acknowledged the instrument, there could be no doubt that the requirements of said statute had been at least substantially complied with. By the use of the language above quoted, we think she just as effectively became a grantor as she would if named in the granting clause. Otherwise, the language used would have no meaning. It is not essential to the validity of the instrument that the wife's name appear in the granting clause. *Gantt* v. *Hildreth,* 90 Ark. 113, 118 S. W. 255; *A. R. Bowdre & Co.* v. *Pitts,* 94 Ark. 613, 128 S. W. 57. Nor is it essential that the word "homestead" be used in a deed of trust. *Sledge*

*& Norfleet Co.* v. *Craig,* 87 Ark. 371, 112 S. W. 892; *Ward* v. *Stark,* 91 Ark. 268, 121 S. W. 382.

We cannot agree with appellees that our case of *Shurn* v. *Wilkinson,* 131 Ark. 167, 198 S. W. 279, is controlling here. In that case the wife was not named in the granting clause and was only mentioned as follows: "And Bettie Shurn, wife of said Willie Shurn, for the consideration above set forth, do hereby relinquish and forever release and quitclaim unto the said party of the second part all her right, title or interest or possibility of dower in and to the above granted real estate." This language falls far short of that used in the instrument in question. Nowhere does Bettie Shurn say that she joins with her "husband in the execution of this instrument."

We, therefore, conclude that the deed of trust executed by appellees was a valid and binding conveyance of the homestead and was at least a substantial compliance with said § 7181 of Pope's Digest.

We think there is no merit to the contention that the deed of trust erroneously described the land. We have examined a photostatic copy of same and it appears to us to describe the land as being in township 19 south and not township 14 south. It is said the clerk in recording the instrument mistook it to describe land in township 14 south and so recorded it. An error of the clerk in this regard cannot have the effect of destroying the lien created by the original instrument. As was said in *Ward* v. *Stark,* 91 Ark. 268, 121 S. W. 382: "There is a defect in the record as to the description of the property on which the lien is created; but the original instrument in writing which was introduced disclosed the fact that there is no defect. The error was that of the recording officer, and the lienor is not responsible therefor. *Oats* v. *Walls,* 28 Ark. 244; *Turman* v. *Bell,* 54 Ark. 273, 15 S. W. 886, 26 Am. St. Rep. 35." Appellees must be held to have intended to convey the land owned by them in Union county and was described as being in Union county. This land was in township 19. Township 14 would put the

land in Bradley county. If misdescribed, it would be subject to reformation.

The decree is accordingly reversed, and the cause remanded with directions to dismiss the complaint for want of equity and to quiet and confirm the title in appellants as against appellees.

McFADDIN and KNOX, JJ., dissent.