## Cecil RAGSDELL and Betty Jo RAGSDELL
## v. GAZAWAY LUMBER COMPANY, INC., and
## SECURITY BANK OF PARAGOULD

CA 83-241                                    668 S.W.2d 60

Court of Appeals of Arkansas
Division II
Opinion delivered May 2, 1984

*R. James Lyons,* for appellant.

*Branch & Thompson,* by: *Robert F. Thompson,* for appellee.

LAWSON CLONINGER, Judge. In this case, appellee, Gazaway Lumber Company, Inc., was granted a material-man's lien against the home of appellants, Cecil and Betty Jo Ragsdell, for an indebtedness of $7,087.44. In the same decree, appellee, Security Bank of Paragould, was granted

an *in rem* judgment in the amount of $107,930.58 and a decree of foreclosure of its mortgage against appellants' home and other property. The indebtedness owed to Security Bank of Paragould was declared a first lien against the property, and Gazaway Lumber Company's lien was subject only to that of Security Bank of Paragould.

For reversal, appellants contend that there was no compliance with the requirements for a materialman's lien, and that Security Bank of Paragould's mortgage was defective. We affirm the decision of the chancellor in part and reverse in part.

We agree with the contention of appellants that the requirements for perfecting a materialman's lien were not complied with. Ark. Stat. Ann. § 51-601 (Repl. 1971) is in derogation of the common law and must be strictly construed since it provides an extraordinary remedy that is not available to every merchant. *Valley Metal Works* v. *A. O. Smith-Inland*, 264 Ark. 341, 572 S.W.2d 138 (1978).

The manager of Gazaway Lumber Company testified that he had no idea whether the materials Gazaway furnished were delivered to appellants' home. Appellant Cecil Ragsdell testified that he did not know whether any of the materials purchased from Gazaway by the absconding contractor were put into his house. The burden is on the materialman to show that the materials for which he claims a lien were used in the improvements on which the lien is sought. *Eudora Lumber Co.* v. *Neal & Jones*, 263 Ark. 40, 562 S.W.2d 294 (1978). Appellee Gazaway Lumber Company failed to offer any proof that the materials it furnished were incorporated into appellants' property, and it was clearly erroneous for the trial court to find that Gazaway had complied with the requirements for a materialman's lien. We reverse that part of the decree which holds that Gazaway Lumber Company was entitled to a materialman's lien against appellants' property. Our ruling on this issue does not foreclose any right of action which Gazaway may have against appellants for debt.

Appellants urge that Gazaway was not in compliance

for a number of other reasons, but it is unnecessary to consider those contentions.

The chancellor was correct in finding that the mortgage executed by appellants to appellee, Security Bank of Paragould, was valid and that appellants had effectively waived their homestead interest in the property.

Appellants failed to abstract the mortgage instrument, but we have examined the instrument furnished by Security Bank of Paragould. The mortgage was duly executed by both Cecil Ragsdell and Betty Jo Ragsdell as grantors and both signed in all the required spaces. There is a total lack of evidence to indicate that either appellant was unaware of the consequences of the execution of the mortgage. The issue of whether appellants effectively waived their homestead rights is settled by the decision of the Arkansas Supreme Court in the case of *Mayfield* v. *Sehon,* 205 Ark. 1142, 172 S.W.2d 914 (1943). In *Mayfield,* the wife's name did not appear as a grantor in the granting clause of the deed of trust. Her name was mentioned at the end of the deed and she did sign the document. However, the word homestead was not used in any place in the deed of trust. The court held that it was not essential that a wife's name appear in the granting clause nor was it essential that the word homestead be used in the deed of trust in order for one to waive his homestead exemption.

In the instant case, both the husband and wife signed as grantors, and each conveyed his title. The consideration for the conveyance was the money borrowed from the bank by appellants, and the purpose of the mortgage was to convey the whole title to the land as security for the repayment of the loan. *Mayfield* v. *Sehon, supra.*

That part of the chancellor's decree which found that Gazaway Lumber Company was entitled to a materialman's lien is reversed, and that part of the decree finding that the mortgage held by Security Bank of Paragould was valid is affirmed.

MAYFIELD, C.J., and GLAZE, J., agree.