**In re Charles Houston HOLDER, Debtor.**

**Charles Houston HOLDER, Plaintiff,**

**v.**

**PIKE COUNTY BANK, Defendant.**

**Bankruptcy No. TX 84–87F.**

United States Bankruptcy Court, W.D. Arkansas, Texarkana Division.

Aug. 9, 1985.

Claude S. Hawkins, Jr., Ashdown, Ark., for debtor.

A.L. Tenney, Little Rock, Ark., trustee.

Don P. Chaney, Arkadelphia, Ark., for creditor.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Charles Houston Holder, debtor and plaintiff in these Chapter 13 proceedings, has filed an action to set aside defendant Pike County Bank's mortgage lien on real property which Holder claims is his homestead. Pike County Bank has filed an answer and a motion to dismiss asserting that Holder and his former spouse conveyed their homestead rights when they executed the mortgage.

The parties have submitted this matter to the Court for a decision based on a

stipulation of facts and an interpretation of the mortgage. After reviewing this matter carefully, the Court rules that the debtor has waived his homestead interests in the real property.

## I. BACKGROUND

On December 3, 1980 Holder executed and delivered a note and mortgage to Pike County Bank. The note created a security interest in real property on which Holder resides. The mortgage was recorded on December 8, 1980.

Both Charles Holder and Cleta Holder, who was then Charles Holder's spouse, signed the mortgage, which conveyed their interests in the residential realty to Pike County Bank. The mortgage specifically provides that Cleta Holder was conveying her right of dower and homestead in the property.

When the Holders executed the mortgage, they had been living on the rural real property for several years. At the time of execution, Bessie Holder, Charles Holder's mother, also lived on the property.

Although Charles and Cleta Holder obtained a divorce in 1983, Charles Holder continues to reside on the property and is the head of a family.

Charles Holder is indebted to Pike County Bank in the sum of $38,632.63, as of November 1, 1984. The debt remains secured by the note and mortgage.

## II. ANALYSIS

█ The sole issue presented is whether Charles Holder and his former spouse waived their homestead interests in rural residential real property. The Arkansas Circuit Court of Appeals has made a definitive statement of the controlling rule in *Ragsdell v. Gazaway Lumber Co., Inc.*, 11 Ark.App. 188, 190, 668 S.W.2d 60, 61 (1984): whenever both husband and wife execute a mortgage as grantors conveying title, in consideration of a loan, and the purpose of the mortgage is to convey whole title to land as security for repayment of the loan, the mortgage is valid and the husband and wife have effectively waived their homestead interests in the property.

█ Here, the mortgage specifically provides for the release of Cleta Holder's homestead interests. And, although the document does not specifically mention Charles Holder's homestead interests, Arkansas law is clear that a conveyance may include unspecified homestead interests if the conveyance was intended to transfer all interests in property. *See Mayfield v. Sehon*, 205 Ark. 1142, 1145, 172 S.W.2d 914, 916 (1943). Holder's mortgage could have included a definite statement that he was also conveying his homestead interests, but the document is not susceptible to any reasonable alternative interpretation. Therefore, the document is conclusive on the question of intent to convey homestead interests. Finally, the mortgage is in compliance with *Ark.Stat.Ann.* § 50–415 (Repl. 1971), because Cleta Holder has signed and acknowledged it.

## III. CONCLUSION; DISPOSITION OF COMPLAINT; RELIEF TO BE ORDERED

The debtor, Charles Houston Holder, has conveyed his homestead interests by the mortgage that he executed and delivered to Pike County Bank. Therefore, the lien created by the mortgage cannot be set aside as Holder has requested. Holder's complaint will be denied and dismissed with prejudice. The Court will enter an Order reflecting the findings of fact and conclusions of law stated in this Memorandum Opinion.