Harold Lee MORRIS *v.* John W. GARMON

86-126                                                           722 S.W.2d 571

Supreme Court of Arkansas
Opinion delivered January 20, 1987

*Martin, Vater & Karr*, by: *Charles Karr*, for appellant.

*Bethell, Callaway, Robertson & Beasley*, by: *Edgar E. Bethell*, for appellee.

ROBERT H. DUDLEY, Justice. In the original appeal of this case, *Morris* v. *Garmon*, 285 Ark. 259, 686 S.W.2d 396 (1985), we affirmed the holding of the probate court that Alren Iris Morrison was domiciled in Fort Smith at the time of her death. That holding meant that Arkansas law governed the probate, descent and distribution of the estate, and that the decedent's grandchildren, who were pretermitted heirs of the predeceased

child, inherited the estate. Following our decision, appellant Harold Morris, the decedent's brother, filed a petition praying that the assets be transferred to him as an Independent Executor in Texas. The probate court denied appellant's request and ordered the Arkansas personal representative to make final distribution to the heirs and close the estate. We affirm.

Appellant first argues that the trial court erred in refusing to strike appellee's response to his petition praying transfer of assets, and in refusing to grant the petition by default since the appellee did not respond to his petition within 10 days. *See* Rule 2(c) of the Unif. Rules of Circuit and Chancery Courts. Appellant is precluded from raising the point because he did not preserve the appealability of the order refusing to strike and denying default.

Arkansas Stat. Ann. § 62-2016(a) and (b) (Repl. 1971) provides that all orders of a probate court are appealable except orders removing a fiduciary for failure to give a new bond or render an accounting, and orders appointing a special administrator. Section 62-2016(d) provides that in order to preserve the appealability of an intermediate probate order, the appellant must file a written objection to the order within sixty days from the date the order was rendered. The appealability of the intermediate order is then preserved and may be appealed at the time of appeal of the final order. *Owen* v. *Owen*, 267 Ark. 532, 592 S.W.2d 120 (1980). Here, the order denying the motion to strike was filed on September 18, 1985, and no written objection was filed. The notice of appeal, after the final order, was given on March 12, 1986. Thus, the point was not preserved. However, even if the point had been preserved the probate judge had discretion in the matter, and she did not abuse that discretion by refusing to grant a default judgment on the merits which effectively would have been contra to our prior ruling.

Appellant's next two points can best be discussed together. He argues that the probate court erred in failing to give full faith and credit to an order of the Texas probate court, and in failing to apply the doctrine of res judicata to an order of the Oklahoma district court. On second appeal, as in this case, the decision on the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former

appeal, and also of those which might have been, but were not, presented. *First American National Bank* v. *Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980). The rule is founded upon a policy of avoiding piecemeal litigation. *First American National Bank, supra.*

In our first opinion, we wrote:

> Two points are presented on appeal: The Sebastian Probate Court erred in failing to give full faith and credit to the order of the Tarrant County Probate Court, admitting the will to probate in Texas, and the finding that Mrs. Morrison was domiciled in Ft. Smith is clearly erroneous.

> The appellees maintain the full faith and credit argument was not presented to the probate judge, and the record bears out this contention. . . . We conclude the constitutional argument was not presented to the trial court and, hence, cannot be raised on appeal.

> Appellant argues the issue of domicile is res judicata as that question was decided between these parties in connection with the Oklahoma proceedings. As with the full faith and credit issue, the point was not presented nor ruled on below.

The above quoted paragraphs demonstrate that appellant's two points of appeal were decided in the first appeal. The first decision became the law of the case and is conclusive.

The final point asserted by appellant is that the probate court erred in failing to order the return of assets to him as the Independent Executor in Texas. The probate court was correct. Appellant has not presented any reason which would justify transferring the assets to Texas. Under Arkansas law, the two grandchildren of the decedent are pretermitted heirs and are entitled to inherit all of the assets of the estate. The probate court has ordered the Arkansas administrator to make final distribution and close the administration. Transferring the assets to Texas would serve no purpose whatsoever.

Affirmed.