Lewis G. MELLINGER *v.* Elizabeth J. MELLINGER

CA 88-287                                    764 S.W.2d 52

Court of Appeals of Arkansas
Division I
Opinion delivered January 18, 1989

234

*Bruce Wilson*, for appellant.

*Jeffrey E. Levin*, for appellee.

JAMES R. COOPER, Judge. This is the second appeal of these parties' divorce and custody action. The appellant raises two points for reversal: 1) the Arkansas court did not have jurisdiction of the parties' divorce proceeding; 2) the Arkansas court did not have jurisdiction under the Uniform Child Custody Jurisdiction Act to award the appellee custody of the parties' minor children. We affirm on both points.

The parties were married in Michigan on May 23, 1981. The

appellant was in the service, stationed in Germany, and the appellee joined him in Germany after residing with her parents in Arkansas for two months. The parties lived in Germany for approximately two years and then returned to Michigan where they resided until their separation. In August 1986, the appellee left Michigan with the parties' two minor children and moved into her parents' home in Arkansas. Four days later, on August 27, 1986, the appellee filed for divorce and custody in Arkansas. On September 2, 1986, the Johnson County, Arkansas Chancery Court by an *ex parte* order awarded the appellee custody. On October 14, 1986, the appellant filed an answer and a special appearance requesting dismissal of the appellee's complaint, denying that the Arkansas court has jurisdiction of the divorce and the custody proceeding. The appellee amended her complaint on October 28, 1986, alleging that, at that time, she had been a resident of Arkansas for the requisite sixty days. On November 5, 1986, the appellant filed a petition for divorce and custody in the State of Michigan.

A trial was held in Arkansas on the appellee's complaint on March 17, 1987, at which time the chancellor found that he had jurisdiction of the parties and the subject matter and awarded the appellee a divorce and custody of the parties' children. Thereafter, the appellant filed his first appeal, CA 87-219, *Mellinger* v. *Mellinger*. In an unpublished opinion, handed down January 27, 1988, this court affirmed the chancellor's finding of jurisdiction and award of divorce to the appellee but remanded the custody issue for further proceedings in accordance with the Uniform Child Custody Jurisdiction Act.

On remand, the Johnson County Chancery Court contacted the Michigan court for the purpose of determining which court was the appropriate forum to determine custody under the Uniform Child Custody Jurisdiction Act. During this communication, the Michigan court indicated that it did not believe the Michigan court was the most appropriate forum to exercise jurisdiction and declined to hear the case. The Michigan court further advised the Arkansas court that the Michigan proceeding had been dismissed at Calender Call on March 7, 1988, for lack of progress.

An amended decree was filed on May 17, 1988, in which the

Johnson County Chancery Court found that, based upon the pleadings, testimony of the witnesses, and evidence adduced at the hearing and as a result of its communication with the Michigan court, it was the appropriate forum under the Uniform Child Custody Jurisdiction Act to make a custody determination; that it was in the best interest of the minor children for it to assume jurisdiction because the children and the appellee had a significant connection with this state; and its decree, entered on March 17, 1987, should continue to be its order. From this amended decree, the appellant brings his second appeal.

■■ First, we deal with the appellant's contention that the chancery court erred in finding it had jurisdiction of the appellee's divorce action. We disagree. In the first *Mellinger*, CA 87-219, this Court affirmed the chancery court's findings of jurisdiction and award of divorce to the appellee. This issue is no longer subject to review.

> Our court has long adhered to the rule that when a case has been decided by it, and after remand returned to it on a second appeal, nothing is before the court for adjudication except those proceedings had subsequent to its mandate. Matters decided in the first appeal are the law of the case and govern the action of the trial court on remand and our actions on a second appeal to that extent, even if we were now inclined to say that we were wrong in the earlier decision. This rule is based on the fundamental concept that judgments must at some point become final and departure from that rule would result in only uncertainty, confusion, and incalculable mischief. *International Harvester Co.* v. *Burks Motors, Inc.*, 252 Ark. 816, 481 S.W.2d 351 (1972); *Ouachita Hospital* v. *Marshall*, 2 Ark. App. 273, 621 S.W.2d 7 (1981).

*Pickle* v. *Zunamon*, 19 Ark. App. 40, 44, 716 S.W.2d 770, 773 (1986). *See also Glover* v. *Glover*, 15 Ark. App. 79, 689 S.W.2d 592 (1985).

For his second point, the appellant contends the chancery court erred in finding it had jurisdiction under the Uniform Child Custody Jurisdiction Act to award the appellee custody of the parties' minor children. This issue was also raised in the appellant's first appeal. There, this Court held that, although the

Arkansas court made findings of the existence of the requirements provided for by the Uniform Child Custody Jurisdiction Act, which would allow the Arkansas court to determine the custody of the children, the Arkansas court should not have proceeded with a custody determination because it did not enter into direct communications with the Michigan court to decide which was the better forum to decide custody. In that opinion this court stated:

> In *Norsworthy* [*Norsworthy* v. *Norsworthy*, 289 Ark. 479, 713 S.W.2d 451 (1986)], the appellee had taken the parties' child from Texas to Arkansas. In Texas, a court had given temporary custody to the appellee and that order, entered by agreement, was still in existence at the time the appellee took the child to Arkansas. The appellant in *Norsworthy* came to Arkansas to visit the child and, instead of returning her to her mother, took the child to Texas and filed a suit in that state for divorce and custody. The appellee filed a suit in Arkansas seeking divorce and custody and the Arkansas court granted her a divorce and awarded her custody of the child. On appeal to the Arkansas Supreme Court, it was held that Arkansas was not without jurisdiction to adjudicate the custody of the parties' child but that, under Ark. Stat. Ann. Section 34-2706 (Supp. 1985), the Arkansas court should have entered into direct communications with the Texas court to determine which was the better forum to decide custody. We think we are faced with that same situation in the case at bar. At the time the Arkansas court entered its decree granting the appellee custody in this case, there was an order of a Michigan court which had given interim custody of the parties' children to the appellant. This order was called to the attention of the Arkansas court but that court determined custody without any communication with the court in Michigan. Under the holding in *Norsworthy*, we think the custody issue in the instant case should be remanded for further proceedings in accordance with the Uniform Child Custody Jurisdiction Act.

Arkansas Code Annotated Section 9-13-206(c) (1987) [formerly Ark. Stat. Ann. Section 34-2706(c) (Supp. 1985)] states in part that, "[i]f the court is informed that a proceeding

was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum." Ark. Code Ann. Section 9-13-207(c) (1987) [formerly Ark. Stat. Ann. Section 34-2707(c) (Supp. 1985)] states:

> (c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose, it may take into account the following factors, among others:
>
> (1) If another state is or recently was the child's home state;
>
> (2) If another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;
>
> (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
>
> (4) If the parties have agreed on another forum which is no less appropriate; and
>
> (5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 9-13-201.

Here, pursuant to our remand in the first appeal, the Johnson County Chancellor communicated with the judge in the Michigan jurisdiction on April 5, 1988, entered a Decree on Mandate on April 21, 1988, and entered an Amended Decree on Mandate on May 17, 1988, reflecting that communication. The amended decree states in part:

> 1. That the Circuit Court of Monroe County, Michigan has declined to exercise jurisdiction in the case of *Mellinger* v. *Mellinger* (No. 86-14954-DM), a divorce and custody case pending in said state. That said case of *Mellinger* v. *Mellinger* was dismissed at Calendar Call for Lack of Progress. That a certified copy of said Dismissal marked Exhibit "A", is attached hereto and incorporated herein as if fully set forth below at this point.

2. That the Chancery Court of Johnson County, Arkansas is the appropriate forum under the Uniform Child Custody Jurisdiction Act to make a custody determination in this case.

3. That it is in the best interest of the minor children of the parties that this Court assume jurisdiction under the Uniform Child Custody Jurisdiction Act because the children and the Plaintiff have a significant connection with this State, and there is available in this State substantial evidence concerning the children's present and future care, protection, training and personal relationships.

4. That the Decree heretofore entered on March 17, 1987, shall remain in full force and effect and shall, for all purposes, continue to be the Order of this Court herein.

The Uniform Child Custody Jurisdiction Act expressly directs that it be construed to promote the general purposes enumerated in the act such as avoidance of jurisdictional competition, promotion of cooperation between courts, facilitation of the enforcement of custody decrees of other states, and promotion and expansion of the exchange of information. *Norsworthy*, 289 Ark. at 483-84, 713 S.W.2d at 454-55. Ark. Code Ann. Section 9-13-203 (1987) [formerly Ark. Stat. Ann. Section 34-2703 (Supp. 1985)] provides:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

. . . .

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

. . . .

(4) (i) It appears that no other state would have

jurisdiction under prerequisites substantially in accordance with subdivisions (a)(1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under subdivisions (a) (3) and (4), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

A court may decline to exercise its jurisdiction on a custody determination where it finds it to be an inconvenient forum, taking into account whether another state was the child's home state or has a closer connection with the child and parent, or that evidence of present and future care is more readily available in another state. *Pomraning* v. *Pomraning*, 13 Ark. App. 258, 682 S.W.2d 775 (1985).

■■ The appellant concedes that the chancellor correctly found the requisite evidence concerning the children's present and future care but denies the children had the necessary "significant connections" with Arkansas to allow the trial court to assume jurisdiction. In *Pomraning*, we held that the fact that the appellee and her child had lived in this state for a shorter period than that required to establish it as their "home state" did not preclude jurisdiction over the custody issue. Here, after hearing the testimony of both parties and their witnesses, the chancellor found Arkansas had significant contacts with the children and assumed jurisdiction. Furthermore, the Michigan court declined to exercise jurisdiction and dismissed the appellant's suit. We cannot say the Arkansas court's assumption of jurisdiction is clearly erroneous and therefore affirm.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.