MERCANTILE FIRST NATIONAL BANK of Doniphan
*v.* Larry K. LEE and Sonia Lee

CA 89-326                                        790 S.W.2d 916

Court of Appeals of Arkansas
Division I
Opinion delivered June 13, 1990

*Riffel, King & Smith*, by: *Tim King*, for appellant.

*Scott Manatt*, for appellee.

MELVIN MAYFIELD, Judge. This is the second appeal of this case. Larry Lee and his wife were the appellants in the first appeal, *Lee* v. *Mercantile First National Bank*, 27 Ark. App. 11, 765 S.W.2d 17 (1989), where we reversed and remanded for further proceedings not inconsistent with our opinion. It is from the trial court's order on remand that the appellee in the first appeal brings the present appeal.

In our previous opinion we outlined the factual circumstances involved; therefore, without detailing those circumstances again, we simply state that the Lees had executed a note to a savings and loan association and had secured the note by a mortgage upon some commercial property. Later they executed another note to the association and secured it with a mortgage upon their homestead. Still later, a corporation owned by the Lees executed two notes, both on the same day, to the Mercantile First National Bank of Doniphan (Missouri), and both notes were secured by a deed of trust on the same commercial property which secured the first note the Lees had executed to the savings and loan association.

The association subsequently assigned its notes and mortgages to the bank, and the bank subsequently filed suit against the Lees and their corporation. Judgment in rem was granted the bank against both the commercial and homestead properties, and foreclosure was ordered. No personal judgment was granted against the Lees because their personal liability had been

discharged in bankruptcy. They also claimed their homestead property as exempt and the trial court's decree provided that should there be any overplus from the sale of the homestead property, above the amount due on the note secured by the homestead property, that overplus should be "applied to the use and benefit" of the Lees.

In the first appeal, we held that because of the law concerning the homestead exemption "one whose homestead is mortgaged along with other property is entitled to demand that the mortgagee proceed first against the other property." So, we reversed because the decree appealed from had ordered *both* the commercial and homestead properties sold instead of requiring the commercial property to be sold first. We also said that if the sale of the commercial property did not produce enough to pay the amount due on both the savings and loan notes, the homestead property would then have to be sold and the proceeds applied to the amount due on those notes. However, we said the decree was not clear as to what would happen if the homestead was sold for more than enough to satisfy the amount due on the mortgages to the savings and loan association and held in that event, under the circumstances in this case, the balance would go to the Lees as proceeds of the sale of the exempt homestead property.

A mandate was issued by the clerk of this court and it was filed, with a copy of our opinion, in the trial court, and the mandate and copy of our opinion are both in the record on this second appeal. With the exception of these documents, the only thing in this new record that was not in the record on the first appeal is (1) what the appellant refers to in its abstract as "an order proposed, with reservations, by Appellant, and rejected by the Chancellor," (2) the order actually entered by the chancellor, (3) the notice of appeal and designation of record, and (4) the formal certificates. There is a short "Transcript of Testimony" of matters discussed at the conclusion of the testimony taken at the original trial, but this is not new "testimony." It is what occurred at the trial on November 13, 1987. No additional testimony was taken after the reversal and remand of this case by our opinion of February 22, 1989.

On this appeal, the appellant seeks to reargue some of the issues decided in the first appeal. Before addressing those argu-

ments, we address a contention which we think has merit. This contention is made under the second point argued and states in broad terms that the trial court "failed to correctly apply funds from the sale of the commercial and residential property." We think appellant is correct in its conclusion, although we do not agree—perhaps do not understand—how it reaches that conclusion.

On remand, the trial court entered an order giving the Lees judgment in the amount of $43,000.00, together with interest at the rate of 10% from January 15, 1988, "for the proceeds of their exempt homestead." This was the amount the homestead sold for at the foreclosure sale. The sale actually occurred while the first appeal was pending. Both the commercial and homestead properties were sold on January 8, 1988, were purchased by the appellant bank, the sale was approved, and a Commissioner's Deed was executed on January 15, 1988. There is nothing in the record, or in the briefs, to indicate why judgment was entered for $43,000.00. We think our first opinion must have been misunderstood. It specifically stated that if the sale of the commercial property did not produce enough to pay the amount due on the savings and loan association "mortgages" the homestead property would have to be sold. And, it said, if the sale produces more than enough to pay the indebtedness due on the association mortgages "the balance would go to [the Lees] as proceeds of the sale of exempt homestead property."

We point out that this means that the appellant bank, who holds notes on which more than $350,000.00 is owed, and which are secured by the Lees' commercial property, does not have any right to subject the proceeds of the sale of the homestead property to the payment of these notes. That is because homestead property is exempt from sale under execution or other process, *see* Ark. Const. Art. 9 § 3; however, the Lee homestead property is subject to sale to pay the savings and loan association notes because the Lees executed a mortgage to the association which waived their homestead exemption as to the debt secured by that mortgage. *See Free* v. *Harris*, 181 Ark. 644, 27 S.W.2d 510 (1930); *Ragsdell* v. *Gazaway Lumber Co., Inc.*, 11 Ark. App. 188, 668 S.W.2d 60 (1984). Moreover, that mortgage stated that the Lees waived the homestead exemption as to any other indebtedness "which may now or is hereafter due and owing by

the mortgagors [the Lees], or either of them, to the mortgagee [the savings and loan association] up to the time this mortgage is foreclosed or released." Therefore, our first opinion stated that if the sale of the commercial property does not produce enough to pay the amount due on the association "mortgages" then the homestead property would have to be sold; and if that sale produces more than enough to pay the indebtedness due on the association mortgages, "the balance would go to [the Lees] as proceeds of the sale of exempt homestead property."

■■ The term "exempt" did not mean "exempt" from the association's claims, but "exempt" from the appellant bank's claims. That is because the bank has no mortgage from the Lees making the homestead property security for the payment of the notes from the Lees to the bank. The bank does have an assignment of the notes made payable to savings and loan association, which are secured by the homestead property, but that assignment does not give the bank any greater right than the association had, and we held in our first opinion that the bank could not apply the doctrine of marshaling assets to subject proceeds from the sale of the homestead property to the payment of the notes the bank got from the corporation owned by the Lees, secured only by the Lees' commercial property. This is one of the bank's contentions that it has attempted to reargue in this second appeal. However, without discussing the merits of the argument (which we do not agree with), we think it enough to say that the issue is foreclosed under the law-of-the-case rule, which the Arkansas Supreme Court has explained as follows:

> On second appeal, as in this case, the decision on the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented.

*Morris* v. *Garmon*, 291 Ark. 67, 68, 722 S.W.2d 571 (1987); *see also Ferguson* v. *Green*, 266 Ark. 556, 567, 587 S.W.2d 18 (1979); *Mellinger* v. *Mellinger*, 26 Ark. App. 233, 236, 764 S.W.2d 52 (1989).

■ But as indicated above, we think the trial court erred in granting the Lees judgment against the bank in the amount of $43,000.00. The amount found due the bank on the notes

assigned to it by the savings and loan association totaled $76,461.55. The sale of both properties brought $113,000.00 ($70,000.00 for the commercial; $43,000.00 for the homestead). Subtracting the total of $76,461.55 owed from the $113,000.00 produced by the sale of both properties leaves a balance of $36,538.45. That is the amount due to the Lees as proceeds of the sale of the homestead property. So, we reduce the $43,000.00 allowed by the chancellor to $36,538.45.

■ The bank, however, argues that it should be allowed an additional amount representing interest on its indebtedness from date of the entry of the original decree on December 15, 1987, to the date of the sale of the Lee property on January 8, 1988. Also, it argues it is entitled to some court costs advanced. Our problem with these items is that we find nothing in the record to show they were presented to the chancellor. Although there is an undated and unsigned "Order" in the transcript, and appellant's abstract states the order was proposed but rejected by the chancellor, the record does not show that it was presented to the chancellor and, except for the fact that it is not signed, the record does not show it was rejected by the chancellor, or why it was rejected. The rule is well established that issues raised for the first time on appeal will not be considered. *Arnold* v. *Lee*, 296 Ark. 339, 343, 756 S.W.2d 904 (1988); *Farmers & Merchant's Bank* v. *Deason*, 25 Ark. App. 152, 155, 752 S.W.2d 777 (1988).

The judgment appealed from is modified to reduce the Lees' judgment against the bank from $43,000.00 to $36,538.45, plus interest at 10% per annum from January 15, 1988, plus the sum of $710.00, allowed by this court as costs in the first appeal, with interest at 10% from the date of the issuance of the mandate in that appeal on March 22, 1989. However, judgment for the Lees shall be offset by the costs of the present appeal in the amount to be fixed by the clerk of this court.

Affirmed as modified.

CRACRAFT and JENNINGS, JJ., agree.