**In re David Lee SMITH.**

**Bankruptcy No. 91–30642 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Feb. 19, 1992.

Chadd Durrett, West Memphis, Ark., for petitioner.

Jan Thomas, West Memphis, Ark., for respondent.

## ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

The debtor lists his residence as exempt property pursuant to Bankruptcy Code section 522 on the grounds that it is his homestead. The debtor's former wife, Kathy Smith, objects to this exemption, arguing that the debtor, being single, cannot maintain a homestead. In addition, Ms. Smith pleads that her lien may not be avoided. Trial was held on February 4, 1992. Jan Thomas appeared on behalf of the debtor, and Chadd Durrett appeared for Kathy Smith.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified by 28 U.S.C. § 157(b)(2)(B).

The debtor owned the subject real property prior to the time that the parties married. Pursuant to Arkansas law, the property was not his homestead, until such time as he became a head of household.[1] When the Smiths married, the property became his homestead.[2] The Smiths divorced in 1990. Upon their dissolution of marriage, Ms. Smith was granted a lien in the amount of $36,000, one-half of the value of the property plus interest, for her interest in the property. The judgment and lien, granted in the Decree of dissolution, was approved by counsel for the debtor and counsel for Kathy Smith. According to the Decree, the debtor withdrew his answer at the hearing, and the matter proceeded uncontested.

There is no dispute that the debtor acquired a homestead within the meaning of the Arkansas Constitution, article 9, section 3, when he married Kathy Smith. At the time they married, he became the head of a household, was an Arkansas resident, and made the dwelling "home." *See generally Smith v. Webb (In re Webb)* 121 B.R. 827, 829 (Bankr.E.D.Ark.1990) (listing of elements to establish homestead). Once the right of homestead is acquired and the property remains occupied by the owner, the homestead is not lost by the death of a spouse, divorce, or departure of dependent children from the home. *Scott County Bank v. McCraw (In re McCraw)* 58 B.R. 175, 176 (Bankr.W.D.Ark.1985). Ms. Smith's arguments to the contrary, the law provides that the property remains homestead even upon divorce.

---

**1.** There was no evidence that the debtor was a head of household prior his marriage to Kathy Smith.

**2.** It is unknown from the testimony how the property was titled during the marriage. In any event, the Chancery Court ruled that the real property was marital property.

 Arkansas recognizes waivers of homestead interests. *Rogers v. Great American Federal Savings and Loan Association,* 304 Ark. 143, 801 S.W.2d 36 (Ark.1990). For example, when owners or purchasers of property enter into mortgage agreements, there is a waiver of the homestead interest with respect to the mortgagee. *See, e.g., Ragsdell v. Gazaway Lumber Company, Inc.,* 11 Ark.App. 188, 668 S.W.2d 60 (Ark.Ct.App.1984). This is so, despite defects in the documentation, *id.,* or the failure of the deed of trust to mention the word "homestead," *Mayfield v. Sehon,* 205 Ark. 1142, 172 S.W.2d 914 (Ark.1943). The Arkansas Supreme Court has generally found a waiver of the homestead where the owner has, in writing, consented to a lien against the homestead where the underlying transaction relates to that real property. *See Mercantile First National Bank v. Lee,* 31 Ark.App. 169, 790 S.W.2d 916 (Ark.Ct.App.1989). This has generally arisen in the purchase money context. Other situations excepting homestead rights presented to the Arkansas Supreme Court include funds obtained by fraud used to improve homestead property, *Mack v. Marvin,* 211 Ark. 715, 202 S.W.2d 590 (Ark. 1947) (trust imposed upon the homestead), and sales of a widow's homestead property, *Atkinson v. Van Echaute,* 236 Ark. 423, 366 S.W.2d 273, 275 n. 1 (Ark.1963).

■ Waiver of the homestead occurred here with respect to Kathy Smith. The divorce decree, approved by debtor's divorce counsel, provided that there would be a lien on the subject real property specifically to protect Kathy Smith's one-half marital interest in that property. Thus, from the limited and uncontested evidence, the lien on the homestead appears to have been consensual. Further, the lien was given to protect the wife's interest in that particular property. Of course, this finding of an exception to the exemption is narrow and applies only to Kathy Smith with respect to the monies due for her one-half interest in the property. The exemption stands as to other creditors and other debts that may be owed to Ms. Smith by the debtor.

Kathy Smith has raised, in her objection, the issue of whether the lien is avoidable pursuant to 11 U.S.C. § 522(f)(1). This issue is not before the Court inasmuch as the debtor has not sought to avoid that lien. Accordingly, this Court makes no determination of that issue.[3]

ORDERED that the Objections to Debtor's list of Exempt Property is sustained as to the lien interest of Kathy Smith on the homestead property of the debtor.

IT IS SO ORDERED.

---

**3.** Even were the homestead not exempt as to Ms. Smith, it appears that the majority opinion in *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), precludes avoidance of the lien.