The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This is in response to your request for an opinion on whether the City of Corning may mortgage an industrial building to secure debt to be incurred by a non-profit corporation.
Your request and related correspondence received by this office indicate that the Corning Area Chamber of Commerce owns certain lands upon which a community center and golf course are being constructed. It is proposed that an existing non-profit corporation, which ultimately will operate the facilities, will incur debt to finance their completion.
The City owns an unrelated industrial facility that is leased to a tenant, and wishes to grant a lender a mortgage on that facility to secure the debt to be incurred by the non-profit corporation.
Article 16, section 1, of the Constitution of Arkansas provides in part that "[n]either the State nor any city, county, town or other municipality in this State shall ever lend its credit for any purpose whatever. . . ." There is little case law interpreting the quoted portion of Ark. Const. art. 16, § 1, in analogous fact situations, but the existing cases strongly suggest that the City's mortgage of its industrial building to secure the debt of the non-profit corporation would be held to be the lending of the City's credit and thus prohibited.
In Halbert v. Helena-West Helena Indus. Dev. Corp., 226 Ark. 620,291 S.W.2d 802 (1956), the court held that a statute permitting cities to purchase memberships in local industrial development corporations was unconstitutional under Ark. Const. art. 12, § 5, which provides in relevant part that "[n]o county, city, town or other municipal corporation shall . . . loan its credit to, any corporation, association, institution or individual" and under Ark. Const. amend. 13
(now repealed), which provided in relevant part that "[n]o municipality shall ever grant financial aid [to] . . . private enterprises operated by any person, firm or corporation. . . ." In holding that the statute "offends against our Constitution and its Amendments," the court appears to have equated the lending of credit and the granting of financial aid.Halbert, 226 Ark. 625. In the case at hand, it seems reasonable to assume that the non-profit corporation's financial resources and prospects are insufficient to induce a lender to extend credit without the mortgage. It appears likely, therefore, that a court would characterize the City's action as the granting of financial aid and the lending of credit.
In a case that appears to be more on point, the Supreme Court of Arkansas recently decided Barnhart v. City of Fayetteville, 321 Ark. 197, ___ S.W.2d ___ (1995). There, a city entered into an agreement to collect and pay over sanitation fees sufficient in amount to pay all amounts coming due on bonds issued by a sanitation authority formed by the city, another city, and a county. The trial court found that the agreement was an unconditional guaranty of the authority's debt, and that the City would become obligated to pay under the guaranty upon the default of another governmental body (the county or the other city), regardless of whether the City received any services from the authority. There was no appeal from that finding, and the Supreme Court held that such an obligation was in violation of Ark. Const. art. 16, § 1, as the lending of credit.
In my view, the courts likely would characterize the City's mortgage as a limited guaranty of the non-profit corporation's debt, and one that could be enforced against the City's property even if it received no benefit from the facilities being financed (i.e., in the event the facilities are not completed and a foreclosure occurs). In addition, the entity whose debt would be secured by the mortgage is private, rather than a public body as was the case in Barnhart. A court presumably would be even more likely to find an impermissible lending of credit where the beneficiary is a private entity.
In view of the foregoing, it is my opinion that the courts would hold the City's mortgage of its industrial property to secure the debt of the non-profit corporation to be an unconstitutional lending of credit to the non-profit corporation.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Nothing herein is intended to suggest that the City may not mortgage the industrial facility to secure its own indebtedness. There is no constitutional prohibition on such a transaction, although statutory authorization is required. See Wayland v. Snapp, 232 Ark. 57, 70-71,334 S.W.2d 633 (1960). In Wayland, decided before the passage of Act 266 of 1971, which act repealed Dillon's Rule, statutory authority was found in Act 9 of 1960 (Ex. Sess.), the Municipalities and Counties Industrial Development Revenue Bond Law, codified at A.C.A. §§ 14-164-210 to -224, and in particular in A.C.A. § 14-164-220. Under Act 266 of 1971, codified in part at A.C.A. § 14-43-602, each city of the first class (including, I assume, the City) is authorized "to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to its municipal affairs. . . ." "Municipal affairs" is defined in A.C.A. § 14-43-601(a)(1) as "all matters and affairs of government germane to, affecting, or concerning the municipality or its government" except certain specified state affairs. In addition, A.C.A. § 14-54-302
authorizes a municipality to "buy, sell, convey, lease, rent, or let" any of its real property. The courts of Arkansas have repeatedly characterized mortgages as conveyances of a type. See, e.g., Booth v.Peoples Loan Investment Co., 248 Ark. 1213, 455 S.W.2d 868; Danielsv. Johnson, 234 Ark. 315, 351 S.W.2d 853 (1961); Ragsdell v. GazawayLumber Co., Inc., 11 Ark. App. 188, 668 S.W.2d 60 (1984). It appears likely, therefore, that it would be lawful for the City to mortgage the industrial facility to secure its own loan or indebtedness, incurred in compliance with Ark. Const. amend. 65 and the Revenue Bond Act of 1987, codified at A.C.A. §§ 19-9-601 to -607 (Repl. 1994), for the purpose of acquiring the lands at issue and completing the facilities.